**AIR LINE PILOTS ASSOCIATION,**
Plaintiff, Appellee,

v.

**PRECISION VALLEY AVIATION,**
**INC., Defendant, Appellant.**

No. 93–2227.

United States Court of Appeals,
First Circuit.

Heard April 6, 1994.

Decided June 7, 1994.

---

E. Scott Smith, with whom Michael J. Minerva, Jr., and Ford & Harrison, Atlanta, GA, were on brief, for appellant.

Jerry D. Anker, Washington, DC, for appellee.

Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and BOUDIN, Circuit Judge.

SELYA, Circuit Judge.

This case took wing when the Air Line Pilots Association (ALPA), a labor organization, sued defendant-appellant Precision Valley Aviation, Inc. (Precision) to compel arbitration of a grievance initiated by the union on behalf of certain probationary employees (all pilots). The district court ordered Precision to arbitrate the dispute. Precision now seeks to test the substance of the district court's order. We do not reach that destination: the absence of appellate jurisdiction defeats the main thrust of the appeal, and what remains does not require us to extend our flight much beyond takeoff.

## I.

### A Chronology

This appeal is enveloped in a jurisdictional fog. We attempt to clear the air by chronicling the events that frame the jurisdictional issue.

1. *August 17, 1993:* The district court, acting on a motion for summary judgment, entered a final judgment in ALPA's favor on count 1 of its complaint. At the same time, the court dismissed count 2 of the complaint for want of subject matter jurisdiction. The second part of the court's order is immaterial to this appeal.

2. *August 30, 1993:* Precision attempted to move for reconsideration, but failed to comply with an applicable local rule.[1] Consequently, the clerk of court refused to accept the defective pleading (which we shall refer to as the noncompliant motion) for filing.

3. *August 31, 1993.* The district court, acting at ALPA's request, entered an amended judgment clarifying the original judgment. On the same date, Precision filed a notice of appeal.

4. *September 1, 1993:* The district court entered an "Order of Refusal of Pleading," endorsing the clerk's refusal to place the noncompliant motion on record.

5. *September 9, 1993:* Precision served a new motion for reconsideration of the August 17 judgment. This motion satisfied the requirements of the local rules.

6. *September 10, 1993:* Precision filed the September 9 motion in the clerk's office. It also requested a stay of judgment pending appeal. On the same date, Precision withdrew its first notice of appeal.

7. *September 22, 1993:* The district court entered an order declining to reconsider the final judgment and denying Precision's request for a stay. The court stated that a motion for reconsideration should have been served on or before August 27, and that Precision's efforts were, therefore, untimely. The court erred in identifying the end date; taking into account the special directives of the Civil Rules, *see* Fed.R.Civ.P. 6(a) (explaining principles governing computation of periods of 10 days or less), the 10-day period for filing a motion to alter or amend the judgment, Fed.R.Civ.P. 59(e), did not expire until August 31.

8. *October 7, 1993:* Precision filed a motion for reconsideration of the September 22 order (having served the motion a day earlier). In this motion, Precision pointed out the court's computational error and contended that the noncompliant motion met the applicable time constraints.

---

1. District courts are empowered to make local rules for the administration of the court docket. *See* Fed.R.Civ.P. 83. The District of New Hampshire has promulgated a set of local rules. One such rule provides that, with regard to most motions, "[t]he moving party shall certify to the court that he has made a good faith attempt to obtain concurrence in the relief sought." D.N.H.Loc.R. 11(b). This rule applies foursquare to post-judgment motions (such as are at issue in this case). *See Clausen v. Sea-3, Inc.,* 21 F.3d 1181, 1196-97 (1st Cir.1994) (explaining that Local Rule 11(b) applies to all motions other than those filed during trial); *see also* D.N.H.Loc.R. 11(a)(1).

9. *October 12, 1993:* Although acknowledging its computational error, the district court nevertheless remained steadfast and denied Precision's October 7 motion. The court noted that the noncompliant motion did not conform to Local Rule 11(b) and was, therefore, a nullity. The September 9 motion also lacked force, as that motion was neither served nor filed within the requisite 10–day period.

10. *October 13, 1993:* The court entered a further judgment commemorating the October 12 order, as required by Fed. R.Civ.P. 58. *See Fiore v. Washington County Comm. Mental Health Ctr.*, 960 F.2d 229, 233 (1st Cir.1992) (en banc).

11. *November 5, 1993:* Precision filed its notice of appeal, seeking to challenge (a) the August 17 judgment, (b) the September 22 order, and (c) the October 13 judgment.

## II.

### Analysis

### A.

■ In civil cases in which the United States is not a party, a notice of appeal must be filed within thirty days following the entry of final judgment. *See* Fed.R.App.P. 4(a)(1). The requirement for punctual filing of a notice of appeal is obligatory and jurisdictional. *See Browder v. Illinois Dep't of Correction*, 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978); *Feinstein v. Moses*, 951 F.2d 16, 19 (1st Cir.1991). Precision filed notice of the instant appeal on November 5, 1993—far more than thirty days after the entry of the August 17 judgment.[2] Thus, the threshold issue is whether some idiosyncratic

feature of the case breathed life into the (apparently tardy) notice of appeal.

■ Appellant offers a variety of possible scenarios, all of which implicate Fed. R.Civ.P. 59(e). In terms, a motion to alter or amend a judgment, made under that rule, interrupts the running of the appeal period as long as it is "served not later than 10 days after entry of the judgment." Thereafter, an order disposing of the motion restarts the appeal period. *See Feinstein*, 951 F.2d at 18; *see also* Fed.R.App.P. 4(a)(4). The rule's 10–day window is mandatory and jurisdictional.[3] *See Vargas v. Gonzalez*, 975 F.2d 916, 917 (1st Cir.1992); *Barrett v. United States*, 965 F.2d 1184, 1187 (1st Cir.1992). Thus, the period set for prosecuting a Rule 59(e) motion may not be extended. *See* Fed.R.Civ.P. 6(b) (explaining that the district court "may not extend the time for taking any action" under Rule 59(e)); *see also de la Torre v. Continental Ins. Co.*, 15 F.3d 12, 14 (1st Cir.1994); *Feinstein*, 951 F.2d at 19; *Rivera v. M/T Fossarina*, 840 F.2d 152, 154 (1st Cir.1988).

■ This is not to say that a motion for reconsideration filed after the 10–day window closes is completely inutile. While such a motion will not extend the appeal period, the district court, so long as it still retains jurisdiction, may choose to grant the requested relief. *See Jusino v. Zayas*, 875 F.2d 986, 989–90 & n. 3 (1st Cir.1989) (discussing district court's inherent power to correct errors in its own decrees). Moreover, if such a motion is denied, the movant may seek appellate review of the denial. *See Rodriguez–Antuna v. Chase Manhattan Bank Corp.*, 871 F.2d 1, 2 (1st Cir.1989). We caution,

**2.** The parties agree that final judgment entered on August 17, 1993. Though the district court entered an amended judgment on August 31, 1993, *see* Chronology, *supra*, at No. 3, the amendment served strictly as a means of clarification and did not alter the parties' substantive rights under the preexisting judgment. The settled rule is that the non-substantive revision of a previously entered judgment does not restart or otherwise affect the period within which appellate review must be sought. *See FTC v. Minneapolis–Honeywell Co.*, 344 U.S. 206, 211–12, 73 S.Ct. 245, 248–49, 97 L.Ed. 245 (1952). It is only when the judgment-issuing court alters matters of substance or resolves some genuine ambi-

guity that the entry of an amended judgment winds the appeals clock anew. *See id.; see also Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). In this case, Precision never has contended that entry of the amended judgment signalled the commencement of a new appeal period.

**3.** The timeliness of a Rule 59(e) motion is determined by the date of service, not the date of filing. *See Perez–Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 283 (1st Cir.1993); *Roque–Rodriguez v. Lema Moya*, 926 F.2d 103, 107 (1st Cir.1991); *Rivera v. M/T Fossarina*, 840 F.2d 152, 154 (1st Cir.1988).

however, that a timely appeal from an order denying a motion for reconsideration brought other than in conformity with Rule 59(e) does not "resurrect [the appellant's] expired right to contest the merits of the underlying judgment, nor bring the judgment itself before [the court of appeals] for review." *Id.*

### B.

■ It is against this tightly woven backdrop that we turn to appellant's asseverational array. Appellant's central claim is that, whatever its deficiencies might have been, the noncompliant motion was a timely-filed Rule 59(e) motion and, therefore, tolled the appeal period in respect to the August 17 judgment. We do not agree.

This initiative depends on the significance of the admitted defect in the motion—the motion plainly did not satisfy the requirements of the local rules—and the supportability of the lower court's response to it. Appellant attempts to shrug off the matter of noncompliance, contending, in effect, that Local Rule 11(b) is somewhat silly, and that the district court's slavish adherence to it sanctifies "an empty formality."

■ We think appellant presumes too much. Rules of procedure are vitally important in judges' efforts to manage burgeoning caseloads with some semblance of efficiency. Within wide limits, it is for courts, not litigants, to decide what rules are desirable and how rigorously to enforce them. *See Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 584 (1st Cir.1994) ("The judge, not counsel, must run the court and set the agenda."). Valid local rules are an important vehicle by which courts operate.[4] Such rules carry the force of law, *see* 12 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3153 (1973), and they are binding

upon the litigants and upon the court itself, *see United States v. Diaz–Villafane*, 874 F.2d 43, 46 (1st Cir.), *cert. denied*, 493 U.S. 862, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989). Consequently, the court below acted appropriately in refusing to disregard Local Rule 11(b).

■ By like token, we do not discern any error in the court's application of the rule. District courts enjoy broad latitude in administering local rules. *See United States v. Roberts*, 978 F.2d 17, 20 (1st Cir.1992); *Diaz–Villafane*, 874 F.2d at 46. In the exercise of that discretion, district courts are entitled to demand adherence to specific mandates contained in the rules. *See, e.g., Clausen v. Sea–3, Inc.*, 21 F.3d 1181, 1197 (1st Cir.1994); *Witty v. Dukakis*, 3 F.3d 517, 519 (1st Cir.1993); *Jardines Bacata, Ltd. v. Diaz–Marquez*, 878 F.2d 1555, 1560 (1st Cir. 1989); *see also Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7 (1st Cir.1990) ("Rules are rules—and the parties must play by them.").

In this instance, the local rules explicitly warn litigants that the court will "not accept any motions not in compliance with procedures outlined in [the local rules]." D.N.H.Loc.R. 11(a)(1). This provision, aposematic in and of itself, is reinforced by a further provision that clearly contemplates the striking of noncompliant pleadings. *See* D.N.H.Loc.R. 2(f).[5] Mindful of this profusion of red flags, we cannot say that the judge responded inappropriately to appellant's breach of Local Rule 11(b). *See Clausen*, 21 F.3d at 1197 (holding that a district court, sitting in New Hampshire, is entitled to enforce Local Rule 11(b) by refusing to accept a noncompliant motion for filing); *see also Atlas Truck Leasing, Inc. v. First NH Banks, Inc.*, 808 F.2d 902, 903 (1st Cir.1987) (holding, in analogous circumstances, that the trial court's application of a rule will only be

---

4. This court has recently upheld the validity of D.N.H.Loc.R. 11(b), *see Clausen v. Sea–3, Inc.*, 21 F.3d 1181, 1196–97 (1st Cir.1994), and appellant has advanced no plausible claim of invalidity.

5. Appellant senses a possible contradiction in the district's local rules. We perceive no inconsistency. While Local Rule 2(f) instructs that "[d]ocuments which fail to comply with the provisions of these rules shall be filed by the clerk, subject to being stricken by the court," Local

Rule 11(a)(1) instructs that "[t]he Clerk shall not accept any motions not in compliance with procedures outlined in these Rules." The latter rule is narrowly tailored and relates specifically to motions. Hence, it governs in cases involving nonconforming motions. *See generally* 2B Norman J. Singer, *Sutherland Statutory Construction* § 51.05 (5th ed. 1992) (explaining that, when two statutes are in seeming conflict, the more specific statute ordinarily controls).

reversed if its disposition "results in clear injustice"). Indeed, it is difficult to imagine how a judge could be found to have abused his discretion in following the very course of action openly advocated by the court's rules.

## C.

■ Appellant's next argument is ingenious, but unpersuasive. Although phrased in various ways, the argument amounts to a claim that the September 9 motion, *see* Chronology, *supra* at No. 5, somehow related back to the date of the noncompliant motion or served to reinstate that motion *nunc pro tunc.*

The short, dispositive answer to this claim is that the local rules do not accord a noncompliant motion any force or effect. To the contrary, the rules rather conspicuously convey the court's intention to treat noncompliant motions as null and void. *See* D.N.H.Loc.R. 11(a)(1) (stating that the clerk of court shall refuse to accept noncompliant motions for filing); *see also* D.N.H.Loc.R. 2(f) (explaining that noncompliant documents are subject to being stricken).

If there is any lingering doubt as to this reading of the local rules—and we see no room for any such dubiety—it is dispelled by the instruction contained in the district court's order of refusal, Chronology, *supra,* at No. 4, which stated: "When/if resubmitted, the [motion] should contain a recertification of service on opposing counsel/parties." The order of refusal also discussed the possibility that resubmission of the motion might "bring the filing outside of a specific date as set by court rule." In other words, the court made plain that the old motion was dead and that a new motion, having a new filing date, would be required. Since a district court's plausible construction of its own local rule is entitled to considerable deference, *see, e.g., City of Waltham v. United States Postal Serv.,* 11 F.3d 235, 243 (1st Cir.1993); *see also* 12 Wright & Miller, *supra,* § 3153 (1973), this viewpoint is telling.

To sum up, the noncompliant motion was a nullity. It follows inexorably that the September 9 motion did not relate back to the earlier motion or supplant it *nunc pro tunc.* Rather, the new motion had to be evaluated on its own merit, not as an extension of the noncompliant motion. So viewed, the September 9 motion cannot serve as a vehicle for restarting the appeal period because it was filed beyond the 10–day period stipulated in Rule 59(e).

## D.

■ Appellant's next attempt to reach the August 17 judgment smacks of trying to cram a square peg into a round hole. Precision posits that an appellate court may grant special dispensation from the temporal requirement for docketing a notice of appeal "where an appellant has filed a belated motion for reconsideration and relied on the district court's statement that the motion was timely in forgoing the timeous filing of a notice of appeal." *Feinstein,* 951 F.2d at 19; *see also Thompson v. INS,* 375 U.S. 384, 386–87, 84 S.Ct. 397, 398–99, 11 L.Ed.2d 404 (1964) (per curiam). It then hints that it is deserving of sanctuary under this principle. We agree with appellant's premise—a limited exception does exist for "unique circumstances"—but we disagree with its conclusion that this appeal is eligible for such special swaddling. We explain briefly.

■ There are two preconditions to the availability of the "unique circumstances" exception. First, the exception "applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 179, 109 S.Ct. 987, 993, 103 L.Ed.2d 146 (1989). Second, the court's action or statement must have occurred at a point when, had the party not been led astray, it would have been able to file a timeous notice of appeal. *See Feinstein,* 951 F.2d at 20. Here, neither precondition is satisfied, for the district court did nothing to lull appellant into inactivity.

■ Appellant's contrary claim has two prongs. One centers around the district court's initial denial of the September 9 motion. *See* Chronology, *supra,* at No. 7. This prong is easily blunted. After all, the court ruled unequivocally that the motion was un-

timely vis-a-vis the final judgment. The fact that the court made an erroneous calculation in the course of announcing its ruling was unfortunate—but, given the denial of the motion, the bevue could not in any way have lulled appellant into a false sense of security regarding filing deadlines.

The remaining prong of appellant's claim focuses on Precision's ostensible belief that, when the district court rejected the noncompliant motion, it (Precision) could refile the motion *nunc pro tunc* after paying belated obeisance to Local Rule 11(b). But if appellant harbored this belief, it was wishful thinking—not premised on anything that the district court did or said. Indeed, the order of refusal expressly stated that "if the resubmission of said pleading will bring the filing outside of a specific date as set by court rule or court order, a motion for extension must accompany the refiling."

■ That effectively ends the matter. Where a party claims to have relied to its detriment on a trial judge's statement or action, it can derive no benefit unless its reliance is objectively reasonable. *See Feinstein*, 951 F.2d at 20; *Pinion v. Dow Chemical*, 928 F.2d 1522, 1532 (11th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 438, 116 L.Ed.2d 457 (1991). Here, especially in light of the court's specific admonition, Precision could not reasonably have relied on the refusal of the noncompliant motion as evidence that a resubmission would be accepted *nunc pro tunc*.

Appellant's remaining attempts to reach the underlying judgment are meritless and do not require discussion. We lack jurisdiction to review the August 17 judgment.

### E.

■ Appellant also contends that the district court erred in denying its two later motions for reconsideration. *See* Chronology, *supra*, at Nos. 5–6, 8. Although the

notice of appeal is timely as to these rulings,[6] it does not serve to reopen the expired appeal period vis-a-vis the underlying judgment. *See Rodriguez–Antuna*, 871 F.2d at 2; *Appeal of Sun Pipe Line Co.*, 831 F.2d 22, 24–25 (1st Cir.1987), *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988). In the circumstances of this case, appellate jurisdiction is restricted to the September 22 order and the October 13 judgment.

As a practical matter, the October 13 judgment adds very little to the mix. That judgment memorializes the district court's denial of the October 6 motion for reconsideration. To the extent that the motion successfully sought correction of a misstatement made by the district court in the September 22 order, *see* Chronology, *supra*, at No. 7, appellant prevailed, and cannot appeal. To the extent that the October 6 motion unsuccessfully sought a change in the bottom-line disposition of the case, the court's rejection of it stands on a par with the court's rejection of the September 9 motion for reconsideration, memorialized in the September 22 order. Accordingly, we discuss only the September motion and order—but we do so on the express understanding that our comments apply with undiminished force to what transpired in October.

■ The September 9 motion sought reconsideration of the underlying judgment. Under First Circuit precedent, an untimely Rule 59(e) motion may be dismissed summarily by the trial court. *See, e.g., Rodriguez–Antuna*, 871 F.2d at 2–3; *Silk v. Sandoval*, 435 F.2d 1266, 1267 (1st Cir.1971). But the court, if it so elects, may use even a belated Rule 59(e) motion as a vehicle for rethinking its original ruling, so long as the court still retains jurisdiction over the case. *See, e.g., United States v. 789 Cases of Latex Surgeon Gloves*, 13 F.3d 12, 14 (1st Cir.1993); *Jusino*, 875 F.2d at 989–90; *see also* 11 Wright & Miller, *supra*, § 2858 & n. 22 (1973 & Supp.1994).

---

**6.** The district court denied the September 9 motion by order entered September 22, 1993. *See* Chronology, *supra*, at No. 7. We assume *arguendo*, favorably to appellant, that the ensuing motion for reconsideration, filed on October 6, *see id.* at No. 8, suspended the running of the appeal period with respect to a possible appeal of the

September 22 order. *See* Fed.R.Civ.P. 59(e); Fed.R.App.P. 4(a)(1). On this assumption, the appeal period began to run afresh on October 13, following the denial of appellant's October 6 motion. The notice of appeal was filed within thirty days of this date. *See* Chronology, *supra*, at No. 11.

In this instance, the lower court chose the former option. Even had the court chosen the latter option, however, an equally unhappy fate would have awaited the movant. In the last analysis, the court of appeals will overturn a district court's denial of a motion for reconsideration only if the record evinces a clear abuse of discretion. *See Fragoso v. Lopez*, 991 F.2d 878, 888 (1st Cir.1993); *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 528–29 (1st Cir.1991); *Sun Pipe Line*, 831 F.2d at 25. This is a steep climb—and appellant lacks the necessary horsepower to attain such altitudes.

In its motion, Precision asked that the order to compel arbitration be reexamined for two reasons. First, it asserted that the court reached an erroneous legal result, pure and simple. Insofar as the motion was predicated on this ground, the court appropriately rejected it: a trial court, having considered the parties' arguments and ruled on them, is under no obligation to repastinate well-ploughed soil simply because an unsuccessful litigant balks at taking "no" for an answer. *See National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir.1990); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

Appellant also requested reconsideration in light of a ruling handed down by the National Mediation Board (NMB) on August 11, 1993, while ALPA's motion for summary judgment was pending in the district court. This constituted new matter. The issue before the NMB concerned the representation of pilots employed by Precision and by an affiliated airline. The NMB determined that the two airlines comprised a "single transportation system" for collective bargaining purposes under the Railway Labor Act, 45 U.S.C. §§ 151–188 (1988), and ordered a representation election. Seizing on this develop-ment, appellant's motion posited that arbitrating the grievance underlying this case with a representation election in the offing would infringe upon the jurisdiction of the NMB.

This contention comprises more bleat than wool. Precision neglects to mention that the NMB's order specifically provides that "[p]ending resolution of this representation dispute, ALPA's certification [as the collective bargaining representative for Precision's pilots] remains in effect." Given the untimeliness of appellant's motion and the NMB's clear statement anent ALPA's representational authority, we find no hint of abused discretion in the district court's order refusing reconsideration.

## III.

### Conclusion

We need go no further.[7] When Precision elected to disregard Local Rule 11(b), it flew headlong into unfriendly skies. In the aftermath of this pilot error, we lack appellate jurisdiction to review the underlying judgment on the merits. Substantively, then, our scrutiny must be confined to the denial of two post-judgment motions. On that circumscribed basis, Precision's appeal stalls.

*Affirmed.*

---

7. The current version of Fed.R.Civ.P. 5(e) provides, *inter alia*, that "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." Appellant neither cited this rule nor relied on it in any way and has, therefore, waived any potential benefit which might accrue from it. For this reason, we do not refer to the rule in the body of this opinion. But we note that, in all events, the clerk's refusal to accept the noncompliant motion for filing in this case was backed by the judge's specific order, *see* Chronology, *supra*, at No. 4, leaving the record in essentially the same posture as though the motion had been received and then stricken. Any error was, therefore, harmless.