United States Court of Appeals
For the First Circuit



No. 97-1229

JERE SCOLA, JR.,

Plaintiff, Appellant,

v.

BEAULIEU WIELSBEKE, N.V. and DOMINEK DE CLERCK,

Defendants, Appellees.



No. 97-1230

JERE SCOLA, JR.,

Plaintiff, Appellee,

v.

BEAULIEU WIELSBEKE, N.V. and DOMINIEK DE CLERCK,

Defendants, Appellants.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge] 



Before

Boudin, Circuit Judge, and 

Campbell and Bownes, Senior Circuit Judges. 



Caroline C. Kresky, with whom Holland & Knight LLP and Robert E. 
Mongue were on brief for Beaulieu Wielsbeke, N.V. and Dominiek De 
Clerck.

Eric Cote, with whom Joseph M. Wrobleski, Jr. were on brief for 
Jere Scola, Jr.



December 19, 1997


-2-

BOWNES, Senior Circuit Judge. Two issues have been BOWNES, Senior Circuit Judge. 

raised by the parties in this case. The first, in which the

plaintiff Jere Scola, Jr. is the appellant, is an appeal by

Scola on the merits from a summary judgment in favor of

defendants-appellees Beaulieu Wielsbeke, N.V. and Dominiek De

Clerck. The second issue, in which the defendants are

appellants, focuses on only one question: whether Scola's

appeal from the summary judgment against him was timely

filed.

Because we find that Scola's appeal was not timely

filed, we dismiss the case for lack of jurisdiction and do

not reach Scola's appeal from the summary judgment against

him.

Under Fed. Rule App. Proc. 4(a) and 28
U.S.C. 2107, a notice of appeal in a
civil case must be filed within 30 days
of entry of the judgment or order from
which the appeal is taken. This 30-day
time limit is "mandatory and
jurisdictional."

Browder v. Director, Ill. Dep't of Corrections, 434 U.S. 257, 

264 (1978)(citations omitted); see also Smith v. Barry, 502 

U.S. 244, 248 (1992); Aybar v. Crispin-Reyes, 118 F.3d 10, 14 

(1st Cir. 1997), petition for cert. filed, (U.S. Sept. 24, 

1997) (Nos. 97-6253, 6255); Acevedo-Villalobos v. Hernandez, 

22 F.3d 384, 387 (1st Cir. 1994).

I. I.

-3- -3-

According to the court docket, final judgment was

entered on November 22, 1996. Scola claims, however, that

there was no final judgment (or Rule 54(b) certification) and

that as a result, his notice of appeal was not late but

premature. This rather astounding argument is based on the

procedural history of a counterclaim filed by defendants in

their answer to Scola's complaint. The counterclaim sought

the return of certain documents given to Scola during the

proceedings. On June 17, 1996, defendants filed a

stipulation of dismissal of the counterclaim without

prejudice and withdrawal of a jury trial demand. By letter

of July 30, 1996, the clerk advised all counsel of record

that the court had ruled that dismissal of the counterclaim

and withdrawal of the jury demand were ineffective and

therefore denied. The court cited Federal Rules of Civil

Procedure 41(a) and 38(d). The court's reading of these

rules was correct. There is nothing further about the

counterclaim in the district court record. The counterclaim

argument was made by Scola for the first time in a motion to

dismiss the appeal filed in this court. We note that Scola's

notice of appeal states that he is appealing "from the final

judgment entered in this action on the 22 day of November,

1996."

Scola's attempt to resuscitate the moribund

counterclaim is precluded by the final sentence of the

-4- -4-

district court's order granting summary judgment for

defendants. "This conclusion makes moot all other pending

matters in this case." The counterclaim obviously was a

pending matter.

-5- -5-

II. II.

The second argument made by Scola in his effort to

avoid the consequences of filing an untimely appeal invokes

the doctrine of "unique circumstances." He claims that,

"[t]he parties and the district court made a mutual mistake

about the power of the court to extend time for a Rule 59(e)

motion." Scola's Brief at 2. Our analysis starts with the

date of final judgment, November 22, 1996; this makes

December 23, 1996 the last day for filing a notice of appeal.

It also makes December 9, 1996 the last day for filing a Rule

59(e) motion for a new trial.

Scola met neither deadline. The docket shows the

following filings and response orders.

1. On November 27, 1996, Scola
filed a motion to extend the
time to file a Rule 59(e)
motion until December 18, 1996.

2. On December 2, 1996, the motion
was granted by endorsement.

3. On December 18, 1996, plaintiff
delivered the Rule 59(e) motion
to the clerk's office and it
was date-stamped as received by
the clerk on the 18th. The
motion was entered on the
docket on December 19, 1996.

4. On January 7, 1997, the
district court denied
appellant's Rule 59(e) motion
by endorsement.

5. On January 16, 1997, plaintiff
delivered a notice of appeal
from the November 22, 1996

-6- -6-

final judgment; it was date
stamped as received on the
16th, and entered on the docket
on January 17th.

6. On January 17, 1997, Scola
filed a Fed. R. App. P. 4(a)(5)
motion to extend the time for
filing a notice of appeal to
January 15, 1997 -- one day 
after he had filed the above 
notice of appeal. (Emphasis 
ours.)

7. On February 7, 1997, the
district court judge granted
Scola's FRAP 4(a)(5) motion by
endorsement.

The "unique circumstances" doctrine had its genesis

in Thompson v. I.N.S., 375 U.S. 384 (1964). It was found not 

to apply in Osterneck v. Ernst & Whinney, 489 U.S. 169 

(1989). The Court restated the doctrine:

By its terms, Thompson applies only where 
a party has performed an act which, if
properly done, would postpone the
deadline for filing his appeal and has
received specific assurance by a judicial
officer that this act has been properly
done.

Id. at 179. Our latest decision on the doctrine is stated in 

Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 

F.3d 220, 225 (1st Cir. 1994). 

There are two preconditions to the
availability of the "unique
circumstances" exception. First, the
exception "applies only where a party has
performed an act which, if properly done,
would postpone the deadline for filing
his appeal and has received specific
assurance by a judicial officer that this
act has been properly done." Osterneck 

-7- -7-

v. Ernst & Whinney, 489 U.S. 169, 179, 
109 S. Ct. 987, 993, 103 L. Ed. 2d 146
(1989). Second, the court's action or
statement must have occurred at a point
when, had the party not been led astray,
it would have been able to file a timeous
notice of appeal. See Feinstein, 951 
F.2d at 20. Here, neither precondition
is satisfied, for the district court did
nothing to lull appellant into
inactivity.

The last sentence of the quote is specifically pertinent to

the case at bar.

The first question is the effect of the filing of

the Rule 59(e) motion. A timely-filed Rule 59(e) motion

tolls the time to take an appeal. Fed. R. App. P. 4(a)(4).

But an untimely Rule 59(e) motion is a nullity and does not

have any tolling effect. Feinstein v. Moses, 951 F.2d 16, 18 

(1st Cir. 1991). Moreover, the district court "may not

extend the time for taking any action under . . . [Rule

59(b), (d) and (e)] . . . except to the extent and under the

conditions stated in [the rule]." Fed. R. Civ. P. 6(b).

We find that the "unique circumstances" doctrine

does not apply. For the doctrine to apply Scola must meet

the requirements set forth in Osterneck, 489 U.S. at 179. 

Scola did not receive "specific assurance by a judicial

officer" that any of his late filings had "been properly

done." The court did, on February 7, 1997, grant Scola's

motion under Fed. R. App. P. 4(a)(5) to extend the time for

filing a notice of appeal to January 15, 1997. But even

-8- -8-

making the very dubious assumption that the court had the

authority to extend the time for filing the appeal to January

15, Scola failed to meet the deadline he imposed on himself.

The notice of appeal was filed on January 16, one day after 

Scola's self-imposed deadline of January 15. This is a truly

unique situation, it beggars the imagination, but it

certainly does not fall within the "unique circumstances"

doctrine.

Scola's brief also urges that the client should not

be penalized for his attorney's mistakes. The Court rejected

such a plea in Link v. Wabash R.R. Co., 370 U.S. 626, 633 

(1962):

There is certainly no merit to the
contention that dismissal of the
petitioner's claim because of his
counsel's unexcused conduct imposes an
unjust penalty on the client. Petitioner
voluntarily chose this attorney as his
representative in the action, and he
cannot now avoid the consequences of the
acts or omissions of this freely selected
agent. Any other notion would be wholly
inconsistent with our system of
representative litigation, in which each
party is deemed bound by the acts of his
lawyer-agent and is considered to have
"notice of all facts, notice of which can
be charged upon the attorney." 

(citation omitted); see also Figueroa Ruiz v. Alegria, 896 

F.2d 645, 650 n.5 (1st Cir. 1990); Damiani v. Rhode Island 

Hosp., 704 F.2d 12, 16 (1st Cir. 1983). 

For the reasons stated, Scola's appeal is dismissed Scola's appeal is dismissed 

for lack of jurisdiction. Costs awarded to defendants. for lack of jurisdiction Costs awarded to defendants. 

-9- -9-

-10- -10-