# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
#### 1823 Stout Street
#### Denver, Colorado 80294
#### (303) 844-3157

Patrick J. Fisher, Jr.                                                                    Elisabeth A. Shumaker
Clerk                                                                                    Chief Deputy Clerk

October 25, 1999

**TO:**   ALL RECIPIENTS OF THE ORDER AND JUDGMENT

**RE:**   98-6141, *Fox v. Noram Energy Corporation*
          Filed on October 21, 1999

The first paragraph of the order and judgment contains a clerical error.  The first paragraph is replaced in its entirety by the following paragraph:

The plaintiffs Jason Fox, Jeremy Callaway, and Elliot Byers seek to appeal the district court's grant of summary judgment in this diversity negligence action. The plaintiffs also challenge the district court's denial of their motion to reconsider the summary judgment ruling.  We first conclude that, because the plaintiffs did not comply with the time limitations of  Fed. R. Civ. P. 59(e) in filing their motion to reconsider, the district court properly characterized the plaintiffs' motion to reconsider as a motion for relief from the judgment under Fed. R. Civ. P. 60(b).  As a result, we may not now directly review the district court's initial summary judgment ruling.  We further conclude that the district court did not abuse its discretion in denying the plaintiffs' motion to reconsider under the Fed. R. Civ. P. 60(b) standards.

A corrected copy of the order and judgment is attached.

Sincerely,
Patrick Fisher, Clerk of Court

By :   Keith Nelson
       Deputy Clerk

encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JASON FOX, JEREMY CALLAWAY,
and ELLIOT BYERS,

Plaintiffs-Appellants,

v.

NORAM ENERGY CORPORATION, a
Delaware Corporation, formerly known as
ARKLA, INC.,

Defendant-Appellee.

No. 98-6141

(D.C. No. CIV-96-0372-L)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **HENRY** and **MURPHY**, Circuit Judges, and **KIMBALL**, District Judge,[**]

The plaintiffs Jason Fox, Jeremy Callaway, and Elliot Byers seek to appeal the

district court's grant of summary judgment in this diversity negligence action. The

plaintiffs also challenge the district court's denial of their motion to reconsider the

summary judgment ruling. We first conclude that, because the plaintiffs did not comply

with the time limitations of Fed. R. Civ. P. 59(e) in filing their motion to reconsider, the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Dale A. Kimball, United States District Judge for the
District of Utah, sitting by designation.

district court properly characterized the plaintiffs' motion to reconsider as a motion for relief from the judgment under Fed. R. Civ. P. 60(b). As a result, we may not now directly review the district court's initial summary judgment ruling. We further conclude that the district court did not abuse its discretion in denying the plaintiffs' motion to reconsider under the Fed. R. Civ. P. 60(b) standards.

## I. BACKGROUND

This action arises out of carbon monoxide poisoning suffered by the plaintiffs on March 12, 1994 at the home of Becky Kent in Chickasha, Oklahoma. The carbon monoxide came from a defective furnace, and the plaintiffs allege that Noram, which provided gas to Ms. Kent's home, had notice of the defect, failed to take remedial action, and thereby caused their injuries.

After the parties conducted discovery, Noram moved for summary judgment. In a July 31, 1997 order, the district court granted the motion. Summarizing the relevant facts, the court noted that the "plaintiffs did not directly dispute any of defendant's undisputed facts." See Aplt's App., doc. 1-D, at 2 n.2. Pursuant to a local court rule, the court therefore based its legal conclusions on Noram's statement of uncontroverted facts. Relying on Noram's account, the court found that "from the time of the installation of the furnace until the time of the accident, no one living in the house made any complaints to [Noram] regarding the furnace." Id. at 2. Although Ms. Kent had complained to the

2

company about a hissing noise emanating from the gas meter, Noram responded to her complaint, discovered a leak in the meter, and repaired it.

In granting summary judgment to Noram, the court invoked a decision holding that:

> The consumer, by application for gas service, assumes the burden of inspecting and maintaining in a safe condition the pipe and fittings on his property, and the gas company has the right to assume that this duty will be performed. A gas company which does not install its customers pipes' and has no control over them, is in no way responsible for the condition in which they are maintained, and is not liable for injuries caused by leaks therein, of which it has no knowledge.

Id. at 5 (citations omitted) (quoting Muniz v. Masco Corp., 744 F. Supp. 266, 267-68 (W.D. Okla. 1990)).

The plaintiffs did not file a notice of appeal of the district court's order granting summary judgment to Noram. However on August 11, 1997, they did file a motion to reconsider the district court's summary judgment ruling. On August 18, 1997, the district court struck the motion for failure to comply with Local Rule 7.1(c), which limits briefs to twenty-five pages. See Aplt's App. doc. 52-B. On the following day, the plaintiffs filed an "Application to Reduce Plaintiff's Motion to Reconsider to 25 pages by Using A Smaller Font and Spacing." See id. doc. 50. The court granted the application on August 25, 1997, and the next day the plaintiffs filed another motion to reconsider. The plaintiffs informed this court at oral argument that, aside from the changes in font size and spacing,

3

the second motion to reconsider was identical to the first one.

On March 2, 1997, the district court denied the plaintiffs' motion to reconsider. See id., doc. 1-C. Observing that the motion was not filed within the ten-day period after the entry of judgment, as required by Fed. R. Civ. P. 59(e), the court said that it would treat the plaintiffs' second motion as a motion for relief from the judgment under Fed. R. Civ. P. 60(b). The court found the "exceptional circumstances" necessary for granting relief under Fed. R. 60(b) to be lacking, and it therefore denied the motion. It concluded that the plaintiffs had basically asserted the same arguments that they had already presented to the district court in response to Noram's summary judgment motion. Although the plaintiffs did attempt to present some additional information, the court found that they had failed to offer a sufficient explanation for their failure to present this information in their initial response.

The plaintiffs filed a timely notice of appeal of the district court's March 2, 1997 order. However, they did not file a separate notice of appeal within thirty days of the court's July 31, 1997 order granting Noram's motion for summary judgment.

## II. DISCUSSION

On appeal, the plaintiffs contend that the district court erred in characterizing their motion to reconsider as a motion for relief from the judgment under Fed. R. Civ. P. 60(b) rather than as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). They

4

note that characterizing their second motion as a motion to alter or amend the judgment under Rule 59 would allow this court to review the merits of the district court's summary judgment ruling (rather than merely the motion to reconsider). See Artes-Roy v. City of Aspen, 31 F.3d 958, 961 n. 5 (10th Cir.1994) (observing that an appeal from the denial of a Rule 59 motion is sufficient to permit consideration of the merits of the underlying summary judgment ruling if the appeal is otherwise proper). They maintain that there is evidence in the record supporting their contention that Noram had actual notice of the defective furnace and that, as a result, the district court erred in granting summary judgment to the company.

As the district court observed, Rule 59(e) provides that a motion to alter or amend the judgment must be filed within ten days of the entry of the judgment. Rule 6 of the Federal Rules of Civil Procedure states that the time for filing a motion to alter or amend the judgment under Rule 59(e) may not be extended "except to the extent and under the conditions stated in [Rule 59 itself]." Fed. R. Civ. P. 6(b). Because Rule 59 does not authorize an extension of the time for filing a motion to alter or amend the judgment, the district court lacks authority to grant such an extension. See Parker v. Board of Pub. Utils. of Kansas City, Kan., 77 F.3d 1289, 1291 (10th Cir. 1996); Collard v United States, 10 F.3d 718, 719 (10th Cir. 1993).

"[I]f the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b)."

5

Hatfield v. Board of County Comm'rs for Converse, County, 52 F.3d 858, 861 (10th Cir. 1995). The distinction between a Rule 59 motion and a Rule 60 motion is significant in preserving the right to appeal. The filing of a timely Rule 59(e) motion tolls the time period for filing a notice of appeal of the underlying judgment, while the filing of a Rule 60(b) motion more than ten days after the entry of the judgment does not. See Fed. R. App. P. 4(a)(4)(iv), (vi).

A. The Proper Characterization of the Plaintiffs' Second Motion to Reconsider

The plaintiffs maintain that the district court should have treated their second motion to reconsider as a timely Rule 59(e) motion, even though it was not filed until August 26, 1993 (well after the expiration of the ten-day period from the July 31, 1997 entry of judgment in favor of Noram). The plaintiffs' theory is that because it was identical in all respects but font size and spacing to the motion to reconsider that they sought to file on August 11, 1997 (within the ten day period for Rule 59(e) motions), the motion filed on August 26, 1997 should "relate back" such that it is deemed to have been filed on August 11, 1997.[1] Given the tolling effect of a timely Rule 59(e) motion, the relation back of the second motion would render the plaintiffs' notice of appeal timely as to the underlying summary judgment ruling and would allow this court to review the

---

[1] Here, the last day for filing a timely Rule 59 motion, August 10, 1997, fell on a Sunday. Accordingly, under Fed. R. Civ. P. 6(a), the plaintiffs had until August 11, 1997 to file the motion.

6

merits of that ruling in this appeal.

The plaintiffs' argument is not supported by our precedent. Our decisions have repeatedly held, pursuant to Fed. R. Civ. P. 6, that a district court lacks the authority to extend the time for filing a Rule 59 motion. See Parker, 77 F.3d at 1291; Collard, 10 F.3d at 719. The Supreme Court has indicated that there may be certain "unique circumstances" in which a district court's mistaken statements about the timeliness of a Rule 59 motion have caused a party not to file a timely notice of appeal of the underlying judgment and in which the misled party should be allowed to pursue the appeal. See Thompson v. INS, 375 U.S. 384, 387 (1964). However, that exception "applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989) (emphasis added).

In this case, the plaintiffs did not receive "specific assurance" from the district court that they had filed a timely Rule 59 motion. The court struck the plaintiffs' first motion to reconsider because it violated a local rule. Although it granted the plaintiffs permission to file a second motion to reconsider, there is no indication in the record that the court informed the parties how it would treat the second motion. The court's order granting the plaintiffs' application simply states that the plaintiffs will be allowed to file the motion; the order does not state that the motion will be treated as a Rule 59 motion or

7

a Rule 60 motion, or that the time for the plaintiffs to file a notice of appeal of the underlying summary judgment ruling will be extended.

In the absence of such a specific assurance from the district court, the plaintiffs were chargeable with knowledge of the Federal Rules of Civil Procedure and the local rules of court. "Rules of procedure are vitally important in judges' efforts to manage burgeoning caseloads with some semblance of efficiency." Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1ˢᵗ Cir. 1994). "Valid local rules are an important vehicle by which courts operate," and they "carry the force of law." Id. Here, the district court reasonably applied the local rules and the Federal Rules of Civil Procedure. See id. (concluding that "[w]ithin wide limits, it is for courts, not litigants, to decide what rules are desirable and how rigorously to enforce them."). Under those rules, when the plaintiffs failed to file within the ten-day period established by Rule 59 a motion to alter or amend the judgment that complied with applicable page limitation, their second motion to reconsider was properly treated as a Rule 60 motion, and the time period for filing a notice of appeal of the underlying summary judgment motion was not tolled.

The First Circuit's decision in Air Line Pilots Ass'n provides further support for this conclusion. There, the district court struck a motion to reconsider a summary judgment ruling because it failed to comply with a local rule. The court struck the first motion (which the plaintiffs had submitted within the ten-day period established by Fed.

8

R. Civ. P. 59(e)), and the plaintiff then filed a second motion that complied with the local rule but that was submitted outside the ten day period. After the district court denied the second motion, the plaintiff filed a notice of appeal in which it sought to challenge not only the denial of the motion to reconsider but also the underlying summary judgment ruling. Noting that the time for filing a Rule 59(e) motion could not be extended, the First Circuit held that the second motion to reconsider did not relate back to the first motion and that the second motion "cannot serve as a vehicle for restarting the appeal period because it was filed beyond the 10-day period stipulated in Rule 59(e)." Air Line Pilots Ass'n, 26 F.3d at 225. The court therefore concluded that it could not review the summary judgment ruling on the merits, and it considered only the district court's decisions denying the plaintiff's timely post-trial motions.

The same approach is warranted here. Because the plaintiffs did not file a timely notice of appeal of the district court's July 31, 1997 summary judgment ruling, we will not review the merits of that ruling. Because the district court struck the plaintiffs' first motion to reconsider pursuant to a reasonable application of binding local rules and did not give the plaintiffs any specific assurance that their second motion to reconsider would be treated as a Rule 59 motion, we conclude that the district court properly characterized the plaintiffs' second motion to reconsider as a Rule 60(b) motion, and we will review that decision accordingly.

B.  The Denial of the Motion to Reconsider Under Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure authorizes the court to grant relief from an order or a judgment on a number of specific grounds, including inadvertence, excusable neglect, fraud, and newly discovered evidence.    "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990). We review the district court's denial of a motion for relief from the judgment under Rule 60(b) for an abuse of discretion. Id.

In their appellate brief, the plaintiffs do not contest the district court's conclusion that their motion to reconsider presented many of the same arguments that were advanced in response to Noram's initial motion for summary judgment.  As to the new information presented in support of the motion,  the plaintiffs have not explained why this information was not presented in their initial response to the summary judgment motion.  Accordingly, we conclude that the district court did not abuse its discretion in denying the plaintiffs' motion to reconsider under the Rule 60(b) standards.


### III.  CONCLUSION

For the reasons set forth above, we conclude that we lack jurisdiction to consider the merits of the district court's July 31, 1997 order granting summary judgment to the defendant Noram.  We AFFIRM the district court's March 2, 1998 order denying the

10

plaintiffs' motion to reconsider.

ENTERED FOR THE COURT,

PER CURIAM