John ALLEN, Plaintiff–Appellant,

v.

John HEMINGWAY, Warden; Maureen Cruz, Associate Warden, Defendants–Appellees.

No. 01–1300.

United States Court of Appeals, Sixth Circuit.

Nov. 13, 2001.

Before KEITH, NORRIS, and MOORE, Circuit Judges.

*ORDER*

John Allen, a federal prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 8, 2000, Allen filed his complaint against John Hemingway, Warden at the Federal Correctional Institution at Milan, Michigan ("FCI–Milan"), Maureen Cruz–Mahoozi, then-Associate Warden of Operations at the Federal Correctional Institution at Pekin, Illinois ("FCI–Pekin"); and unnamed officials of the United States Marshal Service ("USMS") in the Northern District of Indiana. Allen alleged that the defendants violated his Eighth Amend-

ment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious dental health needs.

Defendants Hemingway and Cruz–Mahoozi filed a notice of waiver of reply pursuant to § 803(d) of the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e(g). The matter was referred to a magistrate judge who issued a report recommending that the complaint be dismissed. Specifically, the magistrate judge held that the court lacked personal jurisdiction over defendant Cruz–Mahoozi and over the USMS defendants and that the complaint against these defendants should be dismissed without prejudice. The magistrate judge further held that Allen failed to state an Eighth Amendment claim against defendant Hemingway. In an order entered February 1, 2001, the district court adopted the magistrate judge's report and recommendation over Allen's objections and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c) for failure to state a claim upon which relief may be granted.

Thereafter, defendant Hemingway attempted to file what would have been a timely motion for reconsideration. However, on February 16, 2001, the district court struck the motion for failure to conform with the district court's local rules or with the court's requirements as set forth in the scheduling order. The district court gave Hemingway until February 22, 2001, to resubmit the motion in compliance with the district court's rules and scheduling order. On February 20, 2001, Allen filed his timely notice of appeal from the February 1, 2001, order.

Hemingway failed to resubmit his motion by February 22, 2001, and on February 27, 2001, he filed a "Motion for Leave to File a Delayed Motion for Rehearing or Reconsideration," citing excusable neglect as the basis. The district court granted Hemingway's motion on February 27, 2001, and the corrected motion for reconsideration was filed the same day. In the motion for reconsideration, Hemingway requested the district court to modify the import of Hemingway's dismissal as being one "with prejudice." In an order filed September 18, 2001, the district court granted Hemingway's motion and modified the dismissal accordingly.

■ Initially, we note that the district court was without jurisdiction when it granted defendant Hemingway's motion for reconsideration. The motion was filed outside the time limits prescribed by both Local Rule 7.1(g)(1) and Fed.R.Civ.P. 59(e). The district court impermissibly enlarged the 10–day time period under Rule 59(e) thereby exceeding its jurisdiction to act. *See* Fed.R.Civ.P. 6(b); *see also Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.,* 26 F.3d 220, 223 (1st Cir.1994) (Fed.R.Civ.P. 59(e) ten day limit is mandatory and jurisdictional and cannot be extended). Therefore, we vacate the district court's order to the extent that it modified Hemingway's dismissal as being "with prejudice."

■ We review de novo an order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown,* 207 F.3d at 867.

In his appellate brief, Allen does not challenge the district court's dismissal of his complaint against defendant Cruz–Ma-

hoozi and the USMS defendants. Instead, Allen's brief is devoted primarily to challenging the dismissal of his Eighth Amendment claim against defendant Hemingway. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991). Thus, because Allen neither challenged nor offered any argument with respect to the district court's disposition of his claims against defendant Cruz–Mahoozi and the USMS defendants, such claims have not been properly raised on appeal. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir. 1997); *Boyd*, 948 F.2d at 284.

Upon review, we conclude that the district court properly dismissed the complaint against defendant Hemingway for failure to state a claim upon which relief may be granted. *See Brown*, 207 F.3d at 867. In order to establish an inadequate medical care claim in violation of the Eighth Amendment, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

Allen failed to allege an Eighth Amendment claim against defendant Hemingway. Allen's only mention of defendant Hemingway is on page three of his complaint, where he alleged that after his transfer from FCI–Pekin to FCI–Milan "[n]ew custodian Warden John Hemmingway [sic] of F.C.I. Milan, despite recommendation of B.O.P. Doctor, Dentist at Milan cited policy and claims 'B.O.P. is not responsible for completing dental therapy.'" It is not entirely clear from this sentence whether it was defendant Hemingway or the unnamed dentist who determined that the Bureau of Prisons was not responsible for completing dental therapy.

Even if it is assumed that Allen is alleging that defendant Hemingway personally determined that dental care was not required, Allen has failed to state an Eighth Amendment claim. At best, Allen alleged only that defendant Hemingway "[a]llowed him to suffer while *negligently* allowing medical problem to remain indeffinately [sic]." Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer*, 511 U.S. at 835–36; *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir.1999) (en banc); *Westlake v. Lucas*, 537 F.2d 857, 860–61 n. 5 (6th Cir.1976). Further, Allen's complaint contained no allegations that defendant Hemingway specifically knew of Allen's condition and consciously chose to disregard the risks to Allen's health as required to state an Eighth Amendment claim. *See Farmer*, 511 U.S. at 847. Accordingly, Allen failed to state an Eighth Amendment claim against defendant Hemingway and the complaint was properly dismissed.

Contrary to Allen's claim on appeal, the district court properly dismissed the complaint without allowing Allen to amend because § 1915(e)(2) overrules this court's decision in *Tingler v. Marshall*, 716 F.2d 1109, 1111–12 (6th Cir.1983), and permits a court to dismiss a suit any time without prior notice. *See McGore*, 114 F.3d at 612.

Finally, because we vacate the district court's order to the extent that it modified Hemingway's dismissal as being "with prejudice," Allen's motion for a writ of mandamus is denied.

Accordingly, the motion for mandamus is denied, and the district court's order is

affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.