19-3392-cv
Syken v. State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty.

PRESENT:
> **DENNIS JACOBS,**
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

_____

Arthur Syken,

> *Plaintiff-Appellant,*

> v.                                                                          19-3392

State of New York, New York State Division of Housing and Community Renewal, AKA New York State Homes and Community Renewal, RuthAnne Visnauskas, Executive Deputy Commissioner of New York State Homes and Community Renewal,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                JOHN SCOLA, Law office of John A. Scola, PLLC, New York, NY.

**FOR DEFENDANTS-APPELLEES:**          ERIC R. HAREN, Special Counsel (Barbara D. Underwood, Solicitor General, and Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Arthur Syken brought this action against his longtime employer, the New York State Division of Housing and Community Renewal, the Division's Commissioner, and the State of New York (collectively, "DHCR"), alleging that they discriminated against him by declining to promote him on account of his religion in violation of Title VII, 42 U.S.C. § 2000e. The district court granted DHCR's motion for summary judgment based on the conclusion that Syken would be unable to show that DHCR's stated non-discriminatory reasons for not promoting him were pretextual. Syken now appeals. For the reasons stated in this order, we affirm the judgment of the district court. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Under the standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), "[o]nce an employee makes a prima facie case of either discrimination or retaliation, the burden shifts to the employer to give a legitimate, non-discriminatory reason for its actions. If the employer does so, the burden then shifts back to the plaintiff to show that the employer's explanation is a pretext for race discrimination or retaliation." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (citation omitted). For cases like this one, in which the employer meets its burden to proffer a legitimate and non-discriminatory rationale, "to defeat summary

2

judgment the employee's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the employer's employment decision was more likely than not based in whole or in part on discrimination." *Id.* (quoting *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003)). Because Syken failed to raise a triable issue that any of the reasons given for his promotion denials was pretextual, we conclude that the district court properly granted DHCR's motion for summary judgment.

First, DHCR explained that Syken was passed over for the Major Capital Improvements job with the Office of Rent Administration ("ORA") (No. 36-2015) because he had an "[e]rroneous and outdated resume," "[n]o real supervision experience," and he "exaggerated [his] experience." Contemporaneous notes memorialized that the individual who was hired instead of Syken possessed greater supervisory experience and presented herself in her interview without exaggeration or embellishment. Syken quibbles that his supervisory experience was more relevant than that of the employee who was chosen; "but the court must respect the employer's unfettered discretion to choose among qualified candidates." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001) (citation omitted). Indeed, "[o]ur role is to prevent unlawful hiring practices, not to act as a super personnel department that second guesses employers' business judgments." *Id.* (cleaned up).

Second, DHCR explained that none of the applicants for the Luxury Decontrol position with the ORA (No. 37-2015) had the requisite knowledge of database software or experience supervising and training staff. Although Syken attested to an anti-Semitic comment made by his second-level supervisor, Sarah McCray, he provides no evidence that McCray was the decisionmaker. That was Deputy Commissioner Woody Pascal, who wrote in an email that "[r]ewarding long-term employees by promoting them into positions they are not well-suited for

is unfair to the employee and to the agency." Syken did not dispute that he lacked experience with the database software and thus raises no inference of pretext.

Third, DHCR explained that the person hired for the Owner Evictions Unit position with the ORA (No. 38-2015) was already functionally performing the work and was widely liked within the unit, justifying an in-unit promotion without a broader search. Syken offers no evidence that the decisionmakers were even aware that he applied for the position.

Finally, DHCR explained that, unlike Syken, the candidate who was chosen for the position with the Office of Housing Management (No. 12-2016) demonstrated interest in field work and generally left a favorable impression on the interviewers. At the interview, Syken emphasized his preference for a compressed schedule, which made him a poor fit for the position. Again, McCray was not the decisionmaker. The fact that McCray was called as a reference and reported Syken's poor job performance to the decisionmakers does not support the conclusion that "the employer's employment decision was more likely than not based in whole or in part on discrimination." *Kirkland*, 760 F.3d at 225 (citation and alterations omitted).

We have considered the remainder of Syken's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4