UNITED STATES of America for the USE AND BENEFIT OF ELECTRIC MACHINERY ENTERPRISES OF PUERTO RICO, INC., Plaintiff, Appellant,

v.

FRAYA, S.E. AND CONTINENTAL INSURANCE CO., Defendants, Appellees.

No. 97–1606.

United States Court of Appeals, First Circuit.

Heard Nov. 3, 1997.

Decided May 26, 1998.

Jorge Bermúdez–Torregrosa, with whom Cuevas Kuinlam & Bermúdez was on brief, for appellant.

Ivette M. Berríos–Hernández, with whom Caparrós, Catalá & Berríos was on brief, for appellee Continental Insurance Co.

Before TORRUELLA, Chief Judge, LYNCH, Circuit Judge, and DiCLERICO,* District Judge.

DiCLERICO, District Judge.

This action arises from a dispute between the plaintiff-appellant, Electric Machinery Enterprises of Puerto Rico, Inc. ("EME"), and the defendant-appellees, Fraya, S.E. ("Fraya") and Continental Insurance Company ("CIC"), concerning a construction project for the United States Navy. CIC filed a motion for summary judgment which the district court granted before EME filed its response. EME's request for post-judgment relief was then denied. Because EME appears to have run afoul of a combination of factors, the most material of which is an ambiguity in the Local Rules of the United States District Court for the District of Puerto Rico ("Local Rules") as to what date should have served as EME's deadline to respond, the court vacates the district court's order granting summary judgment and remands the matter to the district court so that it may reconsider CIC's motion for summary judgment in light of EME's objection to that motion.

*Factual and Procedural Background*[1]

EME worked as a subcontractor on a construction project for the United States Navy

---

* Of the District of New Hampshire, sitting by designation.

1. The facts relevant to the instant appeal are undisputed.

on which Fraya was the general contractor. CIC was Fraya's surety. EME brought this action under the Miller Act, 40 U.S.C. § 270(b), against Fraya and CIC when Fraya failed to pay EME $74,831.22, plus interest, costs, and attorney's fees, that EME alleges it is owed for work performed under the subcontract. Fraya brought a counterclaim against EME for $248,234.59 in damages allegedly caused by EME's performance under the subcontract. CIC, on behalf of Fraya, contested liability for the debt and alleged that EME had not complied with the jurisdictional requirements of the Miller Act because it had not filed its claim within one year of the date it last performed on the subcontract.

After several delays at the outset of the case, the district court required CIC to file any summary judgment motions by November 18, 1996.[2] On November 6, CIC sought an extension of time in which to file for summary judgment until December 15, 1996, which the court denied. On November 18, CIC filed a timely motion for summary judgment, alleging that EME's claim was filed outside the one year statute of limitations. In addition, it requested that it be allowed to file several documents in Spanish in support of its summary judgment motion.

Local Rule 108.1, concerning translations, provides in pertinent part as follows:

> All documents not in the English language which are presented to or filed in this Court, whether as evidence or otherwise, shall be accompanied at the time of presentation or filing by an English translation thereof, unless the Court shall otherwise order.

> Whenever a case is removed to this Court, there shall be filed with the record, an English translation of all papers.... Unless such translation accompanies the record, the Clerk shall refuse to receive and file the record.

The court denied CIC's request to file documents in Spanish on December 3 and ordered CIC to file certified translations of the documents by December 9. On December 6, EME received a copy of the district court's December 3 order denying CIC's motion to file documents in Spanish and ordering that the English translations be filed by December 9.

Local Rule 311.5, concerning responses to motions, provides in pertinent part as follows:

> If the respondent opposes a motion, he or she shall file a response within ten (10) days after service of the motion, including brief and such supporting documents as are then available.... For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including brief, within such shorter period of time as the Court may specify, or may be given additional time to file a response as provided in subsection .6 of this Rule, including documents and brief.

Based on Local Rule 311.5, if CIC's filing were considered complete on November 18 when it filed the motion for summary judgment, EME's response would have been due on December 2. On December 2, EME's counsel drafted a request for an extension of time to reply to the motion for summary judgment. It was signed on December 3 but, because of a clerical error at counsel's firm, it was not filed until December 6. Once filed, the motion was not docketed until December 11.

In the meantime, on December 11, without knowledge that EME had filed a request for an extension of time to answer, the district court granted CIC's motion for summary judgment. It found that CIC's unopposed request for summary judgment supported the allegation that more than one year had passed between the time that EME last performed under the subcontract and the time it

---

**2.** The complaint was filed on May 8, 1996. On June 6, 1996, the district court scheduled an initial scheduling conference ("ISC") for July 15, 1996 and granted CIC's motion for additional time to answer the complaint. On July 12, the district court granted EME's motion to continue the ISC, rescheduling it for September 12, 1996. The ISC was rescheduled three more times: for October 23, December 9, and December 13, 1996. Ultimately, the case was closed without the ISC ever being held.

filed the action seeking to recover on the subcontract.

On December 16, having previously granted summary judgment to CIC, the district court denied EME's request for an extension of time to respond. The district court ruled that EME should have sought an extension of time before December 2, which it viewed as the deadline for EME's response. On December 17, EME filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60, claiming, *inter alia,* excusable neglect for its failure to file its response or request for extension of time within the deadline. In an order filed February 10, 1997, the district court denied the motion.

EME then filed this timely appeal, contesting the district court's grant of summary judgment and denial of post-judgment relief. EME asserts that, if allowed, it is able to file an immediate response to the motion for summary judgment setting forth a meritorious defense to the statute of limitations bar.

## Discussion

EME raises several contentions on appeal, but the court need only consider in detail its assertion that the district court erred in calculating the proper time period for EME to respond to CIC's motion for summary judgment. EME asserts that the ten-day period within which it was required to reply to the motion for summary judgment should have begun running, not on November 18 when the motion for summary judgment was filed, but on December 9, the date that CIC, in accordance with the court's order, filed its certified translations of Spanish-language documents supporting the motion for summary judgment. The district court rejected EME's argument, stating the following:

> Plaintiff also argues that [CIC's] motion for summary judgment was not complete until it filed certified translations of the documents in support thereof on December 9, and therefore plaintiff's motion requesting an extension of time was not tardy. Although Local Rule 108.1 requires that any document filed with this Court in a language other than English be accompanied by a certified translation, it does not state—nor does plaintiff point to any case law so holding—that a motion for summary judgment is not considered filed until such translations are provided. More importantly, plaintiff does not suggest that failure to provide translations hindered its ability to oppose the motion for summary judgment. Indeed, it cannot so suggest since the three untranslated exhibits were demand letters plaintiff's counsel had written on behalf of his client. Plaintiff can hardly assert that it did not understand the nature of Continental's motion for summary judgment because of Continental's failure to translate the exhibits. If such were the case, the Court might be more receptive to plaintiff's arguments. Absent such a showing, plaintiff's arguments raise unimportant technicalities. Clearly, plaintiff's attorney is bilingual and defendant's delay in providing the translations did not hinder his ability to oppose the motion for summary judgment.

Order of February 8, 1997, at 7–8.

Although the district court concluded that EME's argument amounted only to an "unimportant technicality," *id.,* Local Rules 311.5 and 108.1 undoubtedly created an ambiguity as to the proper date by which to respond to CIC's motion. Rule 311.5 fixes a ten day response time for motions. Rule 108.1 provides that all documents not in English "shall be accompanied at the time of presentation or filing by an English translation thereof, unless the Court shall otherwise order." Although Rule 108.1 makes clear the consequences of failure to file translations when a case is removed, it is silent as to the effect that failure to file translations has on other filings. *See* Local Rule 108.1 ("Unless ... [a translation of documents in removed cases] accompanies the record, the Clerk shall refuse to receive and file the record."). It is reasonable to infer, based on the Rule's construction, that the district court has discretion to refuse to accept a motion when the filer fails to include required translations of supporting documents.[3] Local Rule 114, con-

---

**3.** Two additional Local Rules are of limited relevance to the court's inquiry. Local Rule 311.4, concerning documents supporting motions, provides as follows:

cerning penalties for failure to comply with the provisions of the Local Rules, is also broad enough to countenance such discretion.[4]

In this case, the district court neither refused to accept CIC's filing *in toto* nor excused the requirements of Rule 108.1, both of which it could have done within the exercise of its discretion. Instead, it set a deadline for filing the translated documents. With a filing that could reasonably be seen as incomplete, the applicable deadline for EME's response was ambiguous under the Local Rules. Under these circumstances, it was not unreasonable for EME to conclude that, by granting CIC additional time to comply with the requirements of Rule 108.1, the district court would not consider CIC's initial filing complete until CIC cured the initial defect in its filing by submitting the required certified translations.

As the First Circuit stated in a similar context:

A district court possesses great leeway in the application and enforcement of its local rules. This discretion, though broad, is not unbridled. . . .

> When allegations of facts not appearing on record are relied upon in support of a motion, all affidavits and other pertinent documents then available shall accompany the motion. All such documents not then available may be filed within the time prescribed by subsection .6 of this Rule.

Local Rule 311.6, which concerns additional time to file supporting documents and briefs, provides as follows:

> When it is indicated in the motion or response, or a written request, that the filing of additional affidavits or other documents in support of a motion or opposition thereto is necessary, the Clerk may enter an ex parte order specifying the time within which such additional documents and brief shall be filed, or approve such stipulations in regard thereto as may have been signed by counsel for the parties. A copy of an ex parte order so entered shall immediately be served upon opposing counsel.

Although these rules might have applied to the situation at hand, the Clerk did not enter an ex parte order in this case. These provisions therefore neither support nor detract from the court's analysis.

4. Local Rule 114 provides as follows:

In making discretionary judgments, a district court abuses its discretion when a relevant factor deserving of significant weight is overlooked, or when an improper factor is accorded significant weight, or when the court considers the appropriate mix of factors, but commits a palpable error of judgment in calibrating the decisional scales.

*United States v. Roberts*, 978 F.2d 17, 20–21 (1st Cir.1992) (citations omitted). In *Roberts*, the court overturned a district court's grant of a motion to suppress evidence in a criminal trial that the district court granted without consideration of the government's response. *See id.* at 18–19. It did so in part because "the interlocking rules that govern computation of time in this situation are freighted with ambiguity." *Id.* at 22. In this case, EME not only ran afoul of an ambiguity in the Local Rules made manifest by CIC's failure to comply with the translation requirement but also suffered from inadvertent delays both in its counsel's filing and the district court's docketing of a request for an extension of time in which to respond.[5] The court holds that, under these circumstances, the district court should have granted EME post-judgment relief when the confusion became apparent.[6]

> The violation of or failure to conform to any of these Local Rules, shall subject the offending party, his or her attorney, or both, at the discretion of the Court, to appropriate discipline including the imposition of costs, such attorney's fees to opposing counsel as the court may deem proper under the circumstances and such other penalties as the Court may deem advisable.

5. The court places less importance than did the district court on the fact that EME was not hindered in its ability to respond CIC's summary judgment motion by CIC's failure to file the required translations of Spanish-language documents. EME was entitled to rely on its reasonable interpretation of the ambiguous Local Rules whether or not it could have complied with the deadline imposed by the district court's interpretation of the rules.

6. The court does not find it necessary to engage in a detailed analysis of either the proper "excusable neglect" standard to apply to this case or the precise elements of excusable neglect because of its conclusion that the district court improperly dismissed from its consideration the ambiguity in the Local Rules, "a relevant factor deserving of significant weight." *See Roberts*,

### Conclusion

For the reasons stated above, the court *vacates* the decision of the district court and *remands* the case for reconsideration of CIC's motion for summary judgment in light of EME's objection.[7] The court recommends that the District of Puerto Rico reexamine and clarify its Local Rules to prevent recurrence of this issue in the future. Costs of the appeal are awarded to the plaintiff.

978 F.2d at 20. The court notes, however, that this conclusion is not intended to be a criticism of the district court's initial grant of summary judgment. The district court's reading of Local Rule 311.5 was as reasonable as the reading advocated by EME. After tolerating several initial delays in the case, the district court uniformly denied each request for an extension of time that was presented to it. When CIC's motion had not been responded to in what the district court understood to be the allotted time to respond, the district court expeditiously granted the motion for summary judgment.

7. The court expresses no opinion on the merits of CIC's summary judgment motion or EME's objection thereto, which EME shall file forthwith.