Marro v. Cunningham                    CV-97-652-JD  01/21/00
                 UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


Richard Marro

     v.                                Civil No. 97-652-JD
                                       Opinion No. 2000 DNH 015
Michael Cunningham, Warden
New Hampshire State Prison


                            O R D E R


     Richard Marro, proceeding pro se, seeks a writ of habeas

corpus pursuant to 28 U.S.C.A. § 2254, challenging his state

court conviction of aggravated felonious sexual assault due to

the alleged ineffective assistance of his trial counsel.

Previously, the court permitted Marro to amend his petition to

state only exhausted claims, and three claims stated in the

amended petition were allowed.  When the respondent again moved

to dismiss the amended petition as a mixed petition, contending

that the first ineffective assistance of counsel claim had not

been exhausted, the court directed the respondent to file a

motion for summary judgment within a specified framework.  See

Order of July 27, 1999.  The respondent has moved for summary

judgment (document no. 53), and Marro has filed his objection and

reply.  The motion is resolved as follows.

## Background

Richard Marro was charged in November of 1994 with felonious sexual assault of a minor boy. The charges were based on an investigation by the New Hampshire State Police after the boy's parents reported that Marro had sexually assaulted their son. A state trooper talked to Marro at his home where Marro admitted to several incidents involving the boy and then signed a brief statement in which he described the incidents along with a written waiver of his Miranda rights. Marro retained attorney Bruce A. Cardello to represent him.

After first pleading not guilty, Marro later pled guilty as part of a negotiated sentence. His sentencing hearing was held in Sullivan County Superior Court on April 5, 1995, before Judge Robert Morrill. The day before the sentencing Marro drank beer and mixed drinks with his brother and sister-in-law until 3:00 in the morning.

At the hearing, Judge Morrill quizzed Marro about his understanding of the charges against him, the rights he would give up by pleading guilty, the effect of his guilty plea, and the possible sentence. Judge Morrill also asked Marro if he were under the influence of drugs or alcohol and if he suffered from a mental or emotional illness, and he denied both. After his inquiry, the judge stated on the record:

> I am satisfied that he fully understands all his
> constitutional rights and other rights associated with
> being a criminal defendant in this Court. The
> defendant is not under the influence of drugs or
> alcohol, doesn't appear to suffer any mental or
> emotional illness, and therefore has the mental
> capacity to evaluate his rights and having done so has
> knowingly, intelligently and voluntarily waived his
> rights and has knowingly, intelligently and voluntarily
> changed his plea to guilty. The Court orders the
> defendant's plea of guilty be accepted and entered.

Respondent's Ex. 3, Plea and Sentencing Trans. at 11. Attorney Cardello called a psychologist to testify on Marro's behalf with respect to the possibility of rehabilitation through sexual offender treatment. Marro was sentenced to five to fifteen years in the state prison, stand committed.

Six months after he was sentenced, Marro filed a pro se motion in Sullivan County Superior Court to withdraw his guilty plea (Docket No. 94-S-184). He argued that his plea was the result of the ineffective assistance of counsel because his counsel failed to raise an issue as to his competency to stand trial, failed to allow him to assist in his defense, failed to bring up issues of the victim's involvement in other sexual assaults, and failed to suppress his confession. Counsel was appointed to represent Marro on his motion and hearings were held on February 20, 1996, and April 24, 1996, before Judge Morrill. Marro's appointed counsel, Claude Buttrey, represented to the court at the February 20 hearing that any claim asserting the

3

ineffective assistance of counsel raised in the pro se motion was waived. At the hearing the court clarified that Marro contended that his guilty plea was not voluntary or knowing because he was under extreme duress and stress at the time and was also under the influence of alcohol. On April 24, 1996, Judge Morrill denied the motion, finding that the record of Marro's plea indicated that the plea was made knowingly, intelligently, and voluntarily. Marro filed a motion to compel discovery on October 17, 1997, which was denied as moot on December 2, 1997. The New Hampshire Supreme Court declined the appeal on July 9, 1998.

On May 7, 1996, Marro filed a motion for a writ of habeas corpus in Merrimack County Superior Court (Docket No. 96-E-150). In support of the motion, Marro alleged ineffective assistance of both his trial counsel (Cardello) and his counsel appointed for the motion to withdraw his plea (Buttrey). He alleged that his trial counsel did not keep him informed, did not prepare a defense to the state's case against him, did not challenge the admissibility of his confession, and failed to notify the court of issues concerning his emotional and mental health. Marro was represented by attorney Theodore Lothstein. Counsel filed a supplement to the motion for habeas relief in which argued that Marro's plea was not knowing, intelligent, or voluntary because of his depression and intoxication and contended that trial

4

counsel was ineffective in allowing Marro to plead guilty under those circumstances.

Hearings were held on the habeas motion before Judge Philip Hollman on October 25, 1996, and February 11, 1997. In the order denying the motion, the court stated that Marro sought habeas relief on the grounds that his trial counsel was ineffective for failing to notice and bring to the court's attention Marro's intoxication at the plea and sentencing hearing and that his post-trial counsel was ineffective for failing to call witnesses as to Marro's intoxication and failing to allege the ineffective assistance of trial counsel. See Respondent's Ex. 12, No. 96-E-150, Order dated March 19, 1997. The order also stated, "At the hearing, the plaintiff waived all other claims." Id. at 1.

In denying the motion, the court found that Marro told his trial counsel that the charges against him were accurate and that he wanted to get the best possible sentence. He discussed the alternatives of trial and pleading guilty with his counsel, and he discussed the terms of the plea with his brother. The court found that Marro planned to plead guilty, understood the terms of his plea and sentence, and was prepared to present evidence in support of a lighter sentence. The court concluded that Marro had failed to show that he would have decided not to plead guilty and to go to trial under any circumstances. The court also did

5

not believe Marro's testimony that he was under the influence of alcohol at the plea and sentencing hearing and found that his trial counsel's performance was not deficient. On October 16, 1997, the New Hampshire Supreme Court summarily affirmed the denial of his motion for a writ of habeas corpus.

In October of 1997, Marro, proceeding pro se, filed a second petition for a writ of habeas corpus in Sullivan County Superior Court (Docket No. 97-E-71). Marro alleged that his trial counsel represented him under a conflict of interest because Cardello's law firm had previously represented the victim's mother. On December 2, 1997, the court ruled that no conflict existed although the firm had represented the victim's father, before Cardello became associated with it. The court also held that even if a conflict existed, "Mr. Marro's confessions and the other evidence against him rule out prejudice." Respondent's Ex. 16, No. 97-E-71, Order dated Dec. 2, 1997. Marro filed an appeal, and on July 9, 1998, the New Hampshire Supreme Court declined the notice of appeal.

In the meantime, on December 29, 1997, Marro filed a petition for a writ of habeas corpus in this court, alleging three claims, two claims of ineffective assistance of counsel and one claim of prosecutorial misconduct. The respondent's motion to dismiss the petition as a mixed petition with both exhausted

6

and unexhausted claims was granted and judgment was entered on August 13, 1998.

Marro filed another petition for a writ of habeas corpus in Sullivan County Superior Court in August of 1998 in which he explained that his petition in federal court had been dismissed for failure to exhaust his claims in state court.[1] In support of the new petition, Marro alleged that his trial counsel was ineffective in failing to keep him informed, failing to allow a jury trial, failing to move to suppress his confession on a Miranda violation, failing to raise the status of Marro's mental health to the court, failing to challenge the state's case after being told that the victim would be a reluctant witness, and failing to address Marro's competency to stand trial. The court issued a written opinion on August 24, 1998, denying the petition.[2]

In the order, Judge Morrill noted that both he and Judge

---

[1]The court apparently did not assign a new docket number, using No. 97-E-71 from Marro's previous petition.

[2]At the same time, the court denied a petition for writ of habeas corpus and/or writ of mandamus that had been filed on February 4, 1998. Three days later, the court transferred the case to Merrimack County, and vacated its prior order denying the February 4, 1998, petition and/or writ of mandamus. The record does not include any other information about the February 4 petition or its resolution.

Hollman had previously found that Marro was not intoxicated at the time of his plea and sentencing and that he had previously found that Marro changed his plea knowingly, intelligently, and voluntarily. The court also found that "[t]here is simply no evidence that the defendant's counsel's performance was in anyway deficient. Even if it were deficient, given the nature of the defendant's claims, there is no proof or even offer of proof that if any or all of them were true, that the defendant was actually prejudiced. . . . In this case, the evidence against the defendant was overwhelming." Respondent's Ex. 20, No. 97-E-71, Order dated Aug. 24, 1998. Marro's notice of appeal, filed on August 24, 1998, was declined by the New Hampshire Supreme Court on March 16, 1999.

Marro moved for relief from judgment entered in his habeas corpus case in this court, and was permitted to file an amended complaint stating only exhausted claims. Judgment was vacated as to three claims stated in the amended complaint:

> (1) ineffective assistance of counsel due to counsel's failure to properly investigate the charges against the petitioner and present a defense; (2) ineffective assistance of counsel due to counsel's failure to recognize and alert the court at the petitioner's plea and sentencing of the petitioner's incapacity due to intoxication; (3) ineffective assistance of counsel due to counsel's conflict of interest.

Order, May 5, 1999 at 2.

8

The respondent moves for summary judgment, contending that the state courts properly applied legal standards consonant with federal law and that the decisions were based upon correct factual findings.[3] Summary judgment is appropriate in a habeas proceeding, as in other cases, when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A petition for a writ of habeas corpus will not be granted unless the adjudication of the claim in the state court proceeding:

---

[3]The respondent continues to challenge Marro's first claim of ineffective assistance of counsel, contending that the claim is not exhausted because it was raised and then waived in two of Marro's state habeas proceedings and when it was addressed in the last state habeas proceeding, the court vacated the order denying the petition. The respondent argues that Marro has procedurally defaulted the claim. As explained in footnote 2, supra, the state court did not vacate its order as to Marro's petition dated August 6, 1998, in which the respondent agrees Marro raised the same ineffective assistance of counsel claim as in claim one in this case. If, however, the state court did intend to vacate the order as to the August 6, 1998, petition, the claim, although unexhausted, may be denied on the merits. See 28 U.S.C.A. § 2254(b)(2). Therefore, the court does not consider the respondent's arguments pertaining to procedural default.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d). Review of the legal standard used in the state court adjudication, the first consideration, requires a two-step analysis in which the court first asks whether the Supreme Court has provided a rule of law governing the claim at issue. See O'Brien v. Dubois, 145 F.3d 16, 24 (1st Cir. 1998). If a clearly established rule is found, the court decides whether the adjudication was contrary to the rule; if not, the court moves to the second step. Id. At the second step, the court determines whether the state court's adjudication constituted an unreasonable application of Supreme Court precedent. Id. Unless the court determines that the state court's adjudication was contrary to applicable Supreme Court precedent, it must also assess whether the decision was an unreasonable application of the law. See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999).

All three of Marro's claims assert ineffective assistance of counsel, which is addressed in Strickland v. Washington, 466 U.S. 668 (1984). The Strickland test requires claimants to prove that counsel's performance was both deficient and prejudiced his defense. See Strickland, 466 U.S. at 687; Vieux, 184 F.3d at 64.

11

Deficient performance is representation "that falls below 'an objective standard of reasonableness' under prevailing professional norms when considering all the circumstances." Matthews v. Rakiey, 54 F.3d 908, 924-35 (1st Cir. 1995) (quoting Strickland, 466 U.S. at 688). Prejudice "in this context means 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Prou v. United States, 1999 WL 1178985 at *10 (1st Cir. Dec. 17, 1999) (quoting Strickland, 466 U.S. at 494).

The Strickland test for ineffective assistance of counsel has been determined to be one of the clearly established federal rules that permit analysis under the "contrary to" prong of § 2254(d)(1). See O'Brien, 145 F.3d at 25 & n.6. Both Judge Hollman and Judge Morrill applied the requirements of the Strickland test in assessing Marro's ineffective assistance of counsel claims in state court. With respect to Marro's claim of ineffective assistance of counsel due to counsel's failure to recognize and alert the court to his intoxication at the plea and sentencing hearing, Judge Hollman wrote, "the plaintiff must show first that counsel's performance was deficient and second that counsel's deficient performance resulted in actual prejudice." Respondent's Ex. 12, No. 96-E-150, Order dated March 19, 1997 at 4-5. Judge Hollman then defined the requirements of deficient

12

performance and prejudice in terms consonant with the Strickland test.  See id. at 5.  Judge Morrill also followed the Strickland analysis in both decisions addressing ineffective assistance of counsel.  See Respondent's Ex. 16, No. 97-E-71, Order dated Dec. 2, 1997, and Ex. 20, Order dated Aug. 24, 1998.  Therefore, the state court decisions were not contrary to well-established federal law.

The state court decisions were also not an unreasonable application of the Strickland test.  Judge Hollman reviewed the circumstances of Marro's guilty plea and concluded that no prejudice occurred.  Judge Hollman also held, "Even if the plaintiff could make a showing of prejudice (which he did not), the Court does not believe the plaintiff's testimony that he was under the influence of alcohol at the plea and sentencing hearing."  Ex. 12, Order dated March 19, 1997 at 6.  For that reason, Judge Hollman found that Marro's trial counsel "made no error" and his performance was not deficient in failing to notice Marro's intoxication and bring it to the attention of the court.

With respect to Marro's ineffective assistance claim based on trial counsel's alleged conflict of interest, Judge Morrill found that no conflict existed and that no prejudice occurred due to Marro's confessions and the other evidence against him.  See Ex. 16, Order dated Dec. 2, 1997.  Judge Morrill also denied

13

Marro's ineffective assistance claims, alleging a variety of representational deficiencies including failure to inform him of the charges and to present a defense, after reviewing the transcripts of hearings on Marro's claims and finding no evidence that trial counsel's performance was deficient. Ex. 20, Order of Aug. 24, 1998 at 2. Judge Morrill also found no prejudice, concluding that the evidence against Marro was overwhelming. Id.

Since Marro has not shown that the state court decisions were contrary to or an unreasonable application of federal law, to be entitled to habeas relief, he must show that the state court decisions were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). To meet the requirements of § 2254(d)(2), Marro bears the burden of rebutting, by clear and convincing evidence, the presumption that the state courts' factual findings are correct. § 2254(e)(1).

Marro challenges the validity of his confession, relied on by the state courts in finding no prejudice, on grounds that it was taken in violation of his Miranda rights and was involuntary. Marro says "there are five different sets of actions and statements by Officer Carroll that would have negated the written confession that was given by me, under duress, unknowingly, unwillingly, and unintelligent." Petitioner's Objection (doc.

14

no. 54) at 2. Marro signed a waiver of his <u>Miranda</u> rights as part of his statement, and he provides no factual support for his claim that his confession was involuntary. In addition, since Officer Carroll met with Marro in Marro's home and told Marro that he did not have to talk with him, Marro was not in custody during the meeting, and the circumstances of his confession, including the statements made prior to the signed waiver of his <u>Miranda</u> rights, do not suggest coercive questioning that would violate Marro's constitutional rights. <u>See</u> <u>Oregon v. Elstad</u>, 470 U.S. 298, 318 (1985); <u>United States v. Lanni</u>, 951 F.2d 440, 442-43 (1st Cir. 1991). Therefore, since Marro has not shown that his confession was invalid, he has not demonstrated that the state court's reliance on the confession, as overwhelming evidence against him, was unreasonable.

Marro denigrates his trial counsel's efforts on his behalf, suggesting that he spent insufficient time negotiating the plea and failed to investigate the charges against him or interview witnesses on his behalf. Judge Morrill observed trial counsel during the plea and sentencing hearing and questioned Marro about his understanding of the charges, his plea, his sentence, and his right to a trial, and was satisfied both with Marro's understanding of his circumstances and with the representation provided by trial counsel. Both Judge Hollman and Judge Morrill

15

held hearings on Marro's petitions for writs of habeas corpus at which Marro's trial counsel appeared and testified. Judge Hollman made specific findings that counsel communicated with Marro and discussed the charges, the investigation, and the evidence in the case including Marro's statements, and that they discussed the possibility of a plea versus going to trial. Judge Hollman also found that Marro told his counsel that the charges were accurate, that he wanted to plead guilty, and wanted the best possible sentence. With respect to the plea, Judge Hollman found that in return for the guilty plea, the state offered the capped sentence and dropped charges for several other incidents.

Both Judge Hollman and Judge Morrill found that Marro was not intoxicated on the day of the plea and sentencing hearing. Judge Hollman found that although Marro drank beer and mixed drinks until two or three in the morning of the hearing, he then slept for four hours, woke, showered, drank coffee, and talked with his brother over breakfast, being able to understand and respond reasonably. At court on the day of the hearing, Marro met with his counsel for twenty to thirty minutes and his counsel found nothing unusual in his manner. Judge Morrill questioned Marro, and he denied that he was under the influence of alcohol.

In response to Marro's petition for a writ of habeas corpus based on his counsel's alleged ineffective assistance due to a

16

conflict of interest, Judge Morrill found that Marro's trial counsel's firm had represented the victim of Marro's crime before Cardello was associated with the firm. He also found that the firm sued the victim's father for failure to pay the fees. Based on those circumstances, Judge Morrill held that no conflict existed.[4] In addition, Judge Morrill found that there would have been no prejudice to his defense because of Marro's confessions and the other evidence against him.

Based on the hearings and the evidence of record, Judge Hollman and Judge Morrill found that Marro's trial counsel's representation was not deficient. Marro has offered no evidence to contradict the courts' findings, and falls far short of the clear and convincing evidence necessary to rebut the presumption that the findings are correct. As a result, Marro has not shown that the state court decisions denying his claims of ineffective assistance of counsel were based on an unreasonable determination of the facts.

---

[4]Marro has not argued that Judge Morrill applied an incorrect legal standard to the facts in deciding that no conflict existed. See Familia-Consoro v. United States, 160 F.3d 761, 764 (1st Cir. 1998) (explaining ineffective assistance of counsel based on a claim of conflict of interest, not raised during proceeding, requires proof of actual conflict that adversely affected counsel's performance).

17

Marro's claims received thorough reviews by the state courts. The respondent has shown that the state courts concluded that Marro's counsel did not provide ineffective assistance as Marro alleges, by failing to investigate the charges, failing to recognize and notify the court of Marro's intoxication, or due to a conflict of interest. Marro has not shown that the state court decisions denying his petitions for habeas relief, based on claims of ineffective assistance of counsel, were contrary to or unreasonable applications of federal law or that the decisions were the result of unreasonable factual determinations. Therefore, the respondent is entitled to summary judgment on all claims alleged by Marro in support of habeas relief.

## Conclusion

For the foregoing reasons, the respondent's motion for summary judgment (document no. 53) is granted. The petition for a writ of habeas corpus is denied. The clerk of court shall enter judgment accordingly, and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

January 21, 2000
cc:  Richard Marro, Esquire
     Christopher H.M. Carter, Esquire

18