# United States Court of Appeals
## For the First Circuit

No. 03-1678

EILEEN CROWLEY,

Plaintiff, Appellant,

v.

L.L. BEAN, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella, Circuit Judge,
and Stahl, Senior Circuit Judge.

Gerald F. Petruccelli, with whom Petruccelli, Martin & Haddow, LLP, were on brief for appellant.
Peter J. Brann, with whom Brann & Isaacson, were on brief for appellee.

March 17, 2004

**STAHL, <u>Senior Circuit Judge</u>**.  Following a jury trial, plaintiff-appellant Eileen Crowley prevailed on civil rights claims against defendant-appellee L.L. Bean, Inc.  Several weeks after this court affirmed the judgment, Crowley applied to the district court for attorneys' fees.  The district court denied the application, finding it to be untimely, and held that Crowley had complied neither with its own order nor with Maine Local Rule 54.2. We affirm the district court's denial of attorneys' fees.

## I.  <u>BACKGROUND</u>

In June, 2000, Crowley asserted several civil rights claims against her employer, L.L. Bean.  On June 14, 2001, after a jury trial, the district court awarded judgment to Crowley.

On June 26, 2001, L.L. Bean filed a renewed motion for judgment as a matter of law or, if denied, a motion for a new trial.  On October 24, 2001, before any ruling on L.L. Bean's motion had issued, Crowley filed a document titled "Request for Clarification on Filing of Attorneys' Fees Application."  In that submission, Crowley asked for "clarification on when the Court would like plaintiff to file her application for attorneys' fees as the prevailing party in this matter."  That day, the district court entered an order stating: "It is hereby ordered the attorneys' fees application be filed with this Court within 30 days of the disposition of any appeal."

On November 8, 2001, the district court denied L.L. Bean's motion for a new trial and amended its judgment in favor of Crowley. L.L. Bean appealed, and on September 19, 2002, this court affirmed the judgment below. Crowley v. L.L. Bean, Inc., 303 F.3d 387 (1st Cir. 2002). The mandate was issued on October 21, 2002; it was received by the district court on November 4, 2002, and was filed in the electronic docket on November 6.

On January 17, 2003, Crowley filed her petition for attorneys' fees in district court pursuant to Local Rule 54.2. That rule provides the time frame for filing such petitions:

> An application for attorneys' fees in those cases in which fees have been contracted for or in any case in which no notice of appeal has been filed shall be filed within 30 days of the expiration of the time for filing a timely appeal.
>
> An application for fees in all other cases shall be filed within 30 days of the filing of the appellate mandate providing for final disposition of any appeal.
>
> A claim for fees filed before the final disposition of any appeal shall have no effect and a new application must be filed within the prescribed time as described herein.

Me. Loc. R. 54.2 (2001).[1]

On January 31, L.L. Bean filed a motion to strike Crowley's petition as untimely, which the district court granted. Crowley then filed a motion for reconsideration, which was denied.

---

[1]Rule 54.2 has since been amended.

Thereafter, she appealed from the order granting the motion to strike.[2]

## II.  **ARGUMENT**

Here, Crowley advances two related arguments: (1) Local Rule 54.2 should be construed to permit the filing of her application for attorneys' fees, and (2) even if her application was untimely under the rule, the district court nonetheless should have considered it.

Although we typically review the interpretation of a federal procedural rule de novo, Blake v. Pellegrino, 329 F.3d 43, 46 (1st Cir. 2003), we accord "a special degree of deference -- above and beyond the traditional standards of decisionmaking and appellate oversight -- . . . to a court's interpretation of its own local rules." In re Jarvis, 53 F.3d 416, 422 (1st Cir. 1995). Moreover, we have held that the application of a district court's local rule is reviewed for abuse of discretion. NEPSK, Inc. v. Houlton, 283 F.3d 1, 5 (1st Cir. 2002) (citing CMM Cable Rep, Inc. v. Ocean Coast Props, Inc., 97 F.3d 1504, 1528 (1st Cir. 1996)); see also Air Line Pilots Ass'n v. Precision Valley Aviation, 26 F.3d 220, 224 (1st Cir. 1994) (applying "broad latitude in

_____

[2]Crowley does not appeal from the district court's denial of her motion for reconsideration.

-4-

administering local rules").[3]  While a district court may forgive a party's violation of a local rule, <u>United States</u> v. <u>Diaz-Villafane</u>, 874 F.2d 43, 47 (1st Cir. 1989), we review deferentially its refusal to do so.  <u>NEPSK, Inc.</u>, 283 F.3d at 9.

## A.    **Whether Crowley's petition for fees was untimely**

Crowley contends that the district court misinterpreted Local Rule 54.2, and that her petition for attorneys' fees in fact was timely filed.  We begin with the text of the rule.

As the parties now seem to agree, the first paragraph of Local Rule 54.2 does not apply to Crowley's fee application, as this is not a case in which fees were contracted for or in which no notice of appeal was filed.[4]  Rather, the timeliness is governed by the second paragraph, which states, "An application for fees in all other cases shall be filed within 30 days of the filing of the appellate mandate providing for final disposition of any appeal." L.R. 54.2.

---

[3]To the extent that we consider the district court's order purporting to clarify the time for applying for attorneys' fees, we also apply a deferential standard of review.  "[D]eference is particularly appropriate where, as here, the correctness of the court's decision depends in large part on the proper characterization of its own statements."  <u>Kinton</u>, 284 F.3d at 30; <u>see also</u> <u>Lefkowitz</u> v. <u>Fair</u>, 816 F.2d 17, 22 (1st Cir. 1987) ("uncertainty as to the meaning and intendment of a district court order can sometimes best be dispelled by deference to the views of the writing judge").

[4]In the district court, Crowley contended that the first paragraph of the local rule applied to her fee application.  She does not advance that argument here.

-5-

The crux of the dispute lies in the words "final disposition of any appeal." L.L. Bean contends, consistent with the district court's opinion, that this phrase refers to an appeal to this court. Crowley filed her petition for fees ten weeks after this court issued its appellate mandate and eight weeks after the mandate had been filed in district court. Under this interpretation of Rule 54.2, her petition was indisputably untimely.

Crowley, however, reads the phrase "any appeal" more broadly to include certiorari petitions to the Supreme Court. Specifically, she contends that a prevailing plaintiff is required to file her petition for attorneys' fees within thirty days after the "expiration date" of the opposing party's right to appeal. The thirty-day period should not begin, she says, until there has been (1) express waiver of further review on certiorari; (2) denial of certiorari; (3) passage of the deadline to seek certiorari; or (4) the Supreme Court's decision, whichever is latest. Here, L.L. Bean had ninety days from the filing of the Court of Appeals mandate to file for certiorari with the Supreme Court. After that time passed with no certiorari filing, Crowley argues, she had an additional thirty days in which to submit her petition.

A plain reading of L.R. 54.2, however, indicates that the district court reasonably interpreted "any appeal" to refer solely to an appeal to this court. First, the rule makes no explicit

reference to certiorari, only to "appeals."[5]  The Supreme Court no longer adjudicates "appeals" in cases such as this.  See Pub. L. 100-352, § 1, 102 Stat. 662 (June 22, 1988) (repealing 28 U.S.C. § 1252, thereby eliminating nearly all of the Supreme Court's mandatory appellate jurisdiction).

Second, the Rule's reference to "appellate mandate providing for final disposition of any appeal" reasonably refers to action by this court, not the Supreme Court.  The Supreme Court generally does not issue appellate mandates.  If it denies a petition for certiorari, it does not issue a mandate; rather, the clerk prepares, signs, and enters an order to that effect.  See Sup. Ct. R. 45(3).  If the Court instead grants plenary review, "a formal mandate does not issue unless specifically directed; instead, the Clerk of [the Supreme] Court will send the clerk of the lower court a copy of the opinion or order of [the Supreme] Court and a certified copy of the judgment."  Sup. Ct. R. 45(3).[6]

---

[5]By way of contrast, a local rule in this circuit provides: "For purposes of the 30-day limit, a judgment must not be considered final until the time for filing an appeal or a petition for writ of certiorari has expired, or judgment is entered by the court of last resort."  1st Cir. L. R. 39(b).

[6]Crowley notes correctly that in the courts of appeals, "formal" mandates similarly do not issue unless directed by the court. F.R. App. P. 41(a).  Rule 41(a) provides, "Unless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." (emphasis added).  This language indicates that our post-appeal procedure invariably involves a "mandate," whether it is formal or not.  Hence it is distinguishable from the text of Sup. Ct. R. 45(3), which indicates

Accordingly, the local rule's reference to "filing of the appellate mandate" can reasonably be construed as pertaining only to action of this court.

It is true that in other contexts, the term "final disposition" has been interpreted to refer to action taken by the Supreme Court or to additional appeals. See, e.g., Clay v. United States, 123 S. Ct. 1072, 1075 (2003) (holding that for the purpose of starting the clock on § 2255's one-year limitation period, a judgment of conviction "becomes final" when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction); Adams v. Sec. and Exchange Comm'n, 287 F.3d 183, 187 (D.C. Cir. 2002)(holding that thirty-day period for filing for fees pursuant to Equal Access to Justice Act does not run until the period in which an appeal can be brought has expired). These decisions are specific to legal contexts unrelated to those in the case at bar, however. See, e.g., Clay, 123 S. Ct. at 1075 ("the relevant context is postconviction relief, a context in which finality has a long-recognized, clear meaning"). There is no uniformity of interpretation as to the term "final disposition" and similar phrases; other cases use these terms to refer to judgments of the district court, a reading that plainly is inapplicable here. See, e.g., Roell v. Withrow, 123 S. Ct. 1696,

---

that in the Supreme Court, a "mandate" is an unusual occurrence requiring that special action be taken.

1698 (2003); <u>Cunningham</u> v. <u>Hamilton County, Ohio</u>, 527 U.S. 198, 202-03 (1999); <u>Swint</u> v. <u>Chambers County Comm'n</u>, 514 U.S. 35, 51 (1995). Reading the Rule 54.2 as a whole, we conclude that the district court's interpretation was not erroneous, and that Crowley's application for attorneys' fees was untimely.

Crowley points to the detailed information contained in her fee petition and maintains that it is improper for the opposing party to have access to it before the litigation is complete. The likelihood of the Supreme Court granting certiorari on any given case is exceedingly slim, however. The risk of confidential information being shared with an opposing party who might somehow use it to its advantage in litigation before the Supreme Court is minimal, and does not change the result in this case. Further, if such a threat arose in a particular case, it could be addressed by seeking an extension on that ground or requesting to submit sensitive information under seal.

**B.      Whether the district court correctly denied Crowley's untimely submission**

Crowley contends that even if her fee petition was untimely, the district court should have excused her tardiness and accepted the petition. In the district court, she argued that her interpretation of the local rule, even if incorrect, was permissible: "To the extent that this Court disagrees [with Crowley's interpretation of Rule 54.2], plaintiff asks that her

-9-

petition for fees nonetheless be considered, her interpretation of the applicable rule being excusable and the result being just." Crowley advanced no other explanation for her tardiness.  Nor did she submit an affidavit in support of her excuse.

We see no excusable neglect in this situation. Misinterpretation or misunderstanding of the law does not excuse a late filing in the absence of extraordinary circumstances.  See Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 6 (1st Cir. 2001) (failure to file a timely notice of appeal was not excused).  No extraordinary circumstances were asserted here.

On appeal, Crowley references the purported ambiguity of Local Rule 54.2 as an explanation for her tardiness.  It appears, however, that she was on notice that the rule was susceptible to the interpretation she now disputes. Her Request for Clarification on Filing of Attorneys' Fee Application, submitted to the district court days after this court's mandate issued, stated:

> Historically, the clerk's office has interpreted Local Rule 54.2 to require that attorneys' fees applications to [sic] be made only after disposition of any appeal. . . . plaintiff requests that the Court's historical practice of requiring that fee petitions not be filed until after the disposition of all appeals be set forth in an order in this case . . . In the alternative, plaintiff requests an extension of time to file a fee petition until the disposition of all appeals in this case.

-10-

(emphasis added). The district court responded: "It is hereby ordered the attorneys' fees application be filed with this Court within 30 days of the disposition of any appeal." Crowley did not file a motion for enlargement of time, nor did she seek additional clarification of the rule.

Crowley's filing evidenced an awareness that the local rule might be applied so as to require the application to be filed within thirty days of the disposition of this court's appeal. Although the district court's response was perhaps not as illuminating as it could have been, it provided additional notice to Crowley that she would be wise to file her application within thirty days of this court's mandate. Accordingly, Crowley may not rely on her ignorance or misunderstanding of the rule as an excuse for her late filing.

As did the district court, we recognize the harshness of the result in this case. Forfeiting as much as $180,000 in fees is a steep price to pay for missing a filing deadline. There is no evidence of prejudice to L.L. Bean as a result of the delay. It certainly would have been permissible, and perhaps indeed appropriate, for the district court to have considered the fee application notwithstanding its tardiness.

That decision was committed to the district court's discretion, however. Citing the essential nature of "uniform enforcement of the rules," the district court permissibly (if

-11-

somewhat rigidly) exercised its case management duties. See Top Entertainment Inc. v. Ortega, 285 F.3d 115, 117 (1st Cir. 2002), and cases cited. "Rules of procedure are vitally important in judges' efforts to manage burgeoning caseloads with some semblance of efficiency. Within wide limits, it is for courts, not litigants, to decide what rules are desirable and how rigorously to enforce them." Air Line Pilots Ass'n, 26 F.3d at 224. In light of Crowley's apparent awareness of the strong possibility that the court would interpret the local rule as it did, the court did not abuse its discretion to enforce the deadline and impose consequences for her tardiness.[7] Under the specific facts of this case, therefore, we will not disturb the court's decision to deny consideration of the fee application.

For the reasons set forth supra, we **AFFIRM** the district court's denial of attorneys' fees.

**Dissent follows.**

---

[7]Our decision in United States v. Fraya, 145 F.3d 1 (1st Cir. 1998) does not affect the result here. In Fraya, we held that the district court abused its discretion in rejecting appellant's opposition to summary judgment as untimely on the ground that there was ambiguity in the interplay between two Puerto Rico Local Rules as to the applicable deadline. Id. at 5. Fraya is substantively distinguishable from the case at bar, however, in that it does not pertain to the concepts of "appeal" and "final disposition." More importantly, in Fraya we based our determination of abuse of discretion squarely on the ambiguity in the applicable rules. Id. Here we hold that Local Rule 54.2 was not ambiguous, and that in any event, Crowley could not have been blindsided by the district court's interpretation of the rule in light of her motion to clarify it.

**TORRUELLA, <u>Circuit Judge</u> (Dissenting).** Both the majority and the district court "recognize the harshness of the result in this case." <u>Ante</u> at 12. That need not be. I agree with the majority that "[i]t certainly would have been permissible, and perhaps indeed appropriate, for the district court to have considered the fee application notwithstanding its tardiness." <u>Id.</u> While the decision to accept what I will assume was a late application is committed to the district court's discretion, I cannot agree with the majority that the district court acted within its discretion in requiring the forfeiture of nearly $180,000 in fees in the name of the "uniform enforcement of the rules."

The majority recognizes that L.L. Bean was not prejudiced by the late filing. Instead, it rests its holding on "Crowley's apparent awareness of the strong possibility that the court would interpret the local rule as it did." <u>Id.</u> Support for that finding comes from the text of Crowley's Request for Clarification on Filing of Attorneys' Fee Application. Crowley asked that "the Court's historical practice of requiring that fee petitions not be filed until after the disposition of <u>all</u> appeals be set forth in an order in this case." Should the district court determine that this would not be its practice, Crowley asked "[i]n the alternative . . . [for] an extension of time to file a fee petition until the disposition of all appeals in this case."

The district court did not address Crowley's alternative request for an extension of time, but rather responded that "It is hereby ordered the attorneys' fees application be filed with this Court within 30 days of the disposition of any appeal." Replacing "all appeals" in the request with "any appeal" in the answer eliminated, albeit subtly, the possibility that the local rule's time clock would not start ticking until the second or third or whichever was last in a string of appeals concluded, assuming appeals can be considered discretely.

Nothing in the court's order, however, clarified when an appeal reaches its final disposition, an expression the majority indicates can vary in meaning. See ante at 8-9. A party looking to our local rules for guidance, for example, might find relevant this language in Rule 39, Fee Applications: "For purposes of the 30-day limit, a judgment must not be considered final until the time for filing an appeal or a petition for a writ of certiorari has expired . . . ." 1st Cir. L. R. 39. In short, I do not find sufficient evidence that Crowley "was on notice that the rule was susceptible to the interpretation she now disputes." Ante at 11. Because I conclude that Crowley was conscientious in mistakenly adhering to the wrong deadline, I believe the district court not only could have -- as the majority recognizes -- but should have avoided this unbecoming forfeiture by allowing a late fees petition.

I respectfully dissent.