**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 08-1246

UNITED STATES OF AMERICA,

Appellee,

v.

LARRY STALLINGS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Lynch, Chief Judge,

Farris[*] and Boudin, Circuit Judges.

Stephen Feldman with whom Feldman & Feldman was on brief for appellant.
Donald Feith, Assistant United States Attorney with whom Thomas P. Colantuono, United States Attorney, was on brief for appellee.

April 23, 2009

---

[*]Of the Ninth Circuit, sitting by designation.

**FARRIS, Circuit Judge**. Larry Stallings alleges that the district court erred by admitting evidence of his prior wire conviction because admitting the evidence violated both a New Hampshire district court local rule and Federal Rules of Evidence 403 and 404(b). We review applications of Federal Rules of Evidence 403 and 404(b) and district court local rules for abuse of discretion. United States v. Ofray-Campos, 534 F.3d 1, 35 (1st Cir. 2008); Crowe v. Bouduc, 334 F.3d 124, 134 (1st Cir. 2003); Crowley v. L.L. Bean, Inc., 361 F.3d 22, 25 (1st Cir. 2003).

The court admitted Stallings's prior conviction in the interest of justice because it found 1) the government did not act in bad faith; 2) the evidence was highly probative; and 3) there was no unfair prejudice to Stallings as a result of the untimeliness. District courts have "broad latitude in administering local rules," Air Line Pilots Ass'n v. Precision Valley Aviation, 26 F.3d 220, 224 (1st Cir. 1994), and they may choose to forgive a party's violation of a local rule. See United States v. Diaz-Villafone, 874 F.2d 43, 47 (1st Cir. 1989). There was no abuse of discretion.

Stallings is incorrect that the district court's admission of his prior wire fraud conviction violated Federal Rules of Evidence 403 and 404(b). Evidence of his prior conviction was offered to rebut Stallings's claim that he was unaware that he was

engaged in fraud. His prior conviction thus tended to prove intent, knowledge, and absence of mistake. Its admission did not violate Federal Rule of Evidence 404(b). "Only rarely—and in extraordinarily compelling circumstances—will [this court] reverse a district court's on-the-spot judgment concerning the relative weighing of probative value and unfair effect." United States v. Whitney, 524 F.3d 134, 141 (1st Cir. 2008). There was no abuse of discretion.

**AFFIRMED.**