24-1239-cv
*Bd. of Educ. of the Mamaroneck Union Free Sch. Dist. v. A.N.S.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-six.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> BARRINGTON D. PARKER,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

BOARD OF EDUCATION OF THE MAMARONECK UNION FREE SCHOOL DISTRICT,

> *Plaintiff-Appellee,*

> v.                                        24-1239

A. N. S., INDIVIDUALLY AND ON BEHALF

OF **A.B.**, A MINOR,

        *Defendant-Appellant.*

**D. B.,** INDIVIDUALLY AND ON BEHALF OF
**A.B.,** A MINOR,

        *Defendant.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | Mark. C. Rushfield, Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY. |
| **FOR DEFENDANT-APPELLANT:** | A.N.S., pro se, Mamaroneck, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this order.

A.N.S., individually and on behalf of A.B., a minor, appeals *pro se* from a judgment of the United States District Court for the Southern District of New

York (Román, *J.*), entered on March 31, 2024, granting summary judgment to Plaintiff-Appellee Board of Education of the Mamaroneck Union Free School District ("BOE"). A.N.S. and D.B. ("the parents") initiated administrative proceedings under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, after the BOE removed A.B. from his classroom. The BOE's Committee on Special Education ("CSE") recommended A.B. receive home instruction pending a search for an out-of-District therapeutic day program. While waiting for a permanent alternative placement, the parents enrolled A.B. in an intensive day treatment ("IDT") program.[1] The impartial hearing officer ("IHO") concluded that A.B. received a free appropriate public education ("FAPE") from 2017 through 2020; the BOE's change in placement was not disciplinary but rather based on safety concerns; and no manifest determination review ("MDR") was required. The parents appealed the decision to a State Review Officer ("SRO"). The SRO concluded that the IHO erred in finding that the BOE's placement in the IDT program was procedurally or substantively appropriate. The SRO found that the IDT program met the definition of an

---

[1]  The parents assert that they were coerced into placing A.B. into the IDT program.

interim alternative educational setting ("IAES"), and the BOE had not followed the procedures for placing a student in an IAES. Rather, the BOE had unilaterally removed A.B. from his placement in violation of the IDEA. The SRO awarded 37 hours in compensatory education.

The BOE filed a complaint with the district court, seeking to reverse the SRO's decision that A.B. was improperly removed to the IDT program and the award of 37 hours of compensatory education services. The district court granted the BOE's motion for summary judgment and reversed the SRO's holding that A.B.'s enrollment in the IDT program constituted an IAES and the consequent award of 37 hours of compensatory education. The district court concluded that *de novo* review applied, that the BOE had changed A.B.'s placement to home instruction rather than the IDT program, and that the parents could not challenge their own decision to place A.B. in the IDT program under the IDEA.

A.N.S., now proceeding *pro se*, appeals. We assume the parties' familiarity with the remaining facts, the procedural history of the case, and the issues on appeal, which we set forth in this summary order only as necessary to

4

explain our decision to **VACATE and REMAND**.

* * *

"[T]he role of the federal courts in reviewing state educational decisions under the IDEA is circumscribed." *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007) (internal quotation marks and citation omitted). Independent judicial review "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Bd. of Educ. Of the Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982). Federal courts "are expected to give 'due weight' to these proceedings, mindful that the judiciary generally 'lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of policy.'" *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998) (internal quotation marks and brackets omitted) (quoting *Rowley*, 458 U.S. at 206, 208).

"The standard of review 'requires a more critical appraisal of the agency determination than clear-error review but nevertheless falls well short of complete *de novo* review.'" *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68,

77 (2d Cir. 2014) (quoting *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 244 (2d Cir. 2012)). Under this deferential review, "[w]here the IHO and SRO disagree . . . courts must defer to the reasoned conclusions of the SRO as the final state administrative determination." *M.H.*, 685 F.3d at 246. However, where "the SRO's determinations are insufficiently reasoned to merit that deference, and in particular where the SRO rejects a more thorough and carefully considered decision of an IHO," courts should "consider the IHO's analysis." *Id.*

"The SRO's or IHO's factual findings must be 'reasoned and supported by the record' to warrant deference*." Id*. at 241 (quoting *Gagliardo*, 489 F.3d at 114). "And the district court should afford more deference when its review is based entirely on the same evidence as that before the SRO than when the district court has before it additional evidence that was not considered by the state agency." *Id.* at 244.

The district court need not defer to the SRO "on matters [that] fall within the purview of the lawyer's expertise," *E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 456–57 (2d Cir. 2014), such as "interpreting federal statutes or the federal

6

constitution," *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 82 (2d Cir. 2005) (internation quotation marks and citation omitted). *See also Muller on Behalf of Muller v. Comm. on Special Educ. of East Islip Union Free Sch. Dist.*, 145 F.3d 95, 102 (2d Cir. 1998) (no deference required when interpreting federal and state regulations).

Here, the district court erred in applying *de novo* review to the SRO's decision. Although the issue of whether the IDT program was an IAES was one of legal interpretation, *see Lillbask*, 397 F.3d at 82; *Muller*, 145 F.3d at 102, the district court's analysis addressed factual issues—whether home instruction or the IDT program was A.B.'s placement following the September 27, 2019 CSE meeting and, relatedly, whether A.B.'s enrollment in the IDT program was an "agreed-upon placement." Because the district court addressed mixed issues of fact and law, no new evidence was presented to the district court, and the SRO's decision was not insufficiently reasoned, the SRO's decision was entitled to deferential review. *See M.H.*, 685 F.3d at 244.

In addition, even assuming that the district court correctly found that A.B.'s actual placement was home instruction and that the IDT program was an

"agreed-upon" placement, the district court failed to articulate the reasons for its conclusion that the parents here are unable to challenge the district's change of placement. Here, the district court agreed with the SRO's legal conclusion that a school district may not unilaterally remove a student with a disability from a placement based on a safety risk. S*ee Honig v. Doe*, 484 U.S. 305, 321 (1988) (noting that the purpose of the IDEA was, in part, "Congress' unquestioned desire to wrest from school officials their former unilateral authority to determine the placement of emotionally disturbed children"). However, the district court concluded that because the parents elected to place A.B. into the IDT program, they could not challenge either the actual placement of home instruction or the "agreed-upon" placement of the IDT program. But the district court cited no legal authority for the proposition that a parent cannot challenge a BOE's unilateral change of placement unless she puts her child in the BOE's choice of new placement, even when doing so would pose a hardship for the parent.

Accordingly, we **VACATE** the district court's judgment and **REMAND** for further proceedings to consider, applying appropriate deference to the SRO,

whether the BOE's actions on October 2, 2019 constituted a unilateral change in placement and a violation of the IDEA.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court